## JOHNSON et al. vs. WILLIAMS.

APPEALS: *To whom not allowed after judgment.*

> A third person, or one who was not a party to the suit, will not be permitted, after final judgment rendered, to come in and be made a party in order that he may prosecute an appeal.

APPEAL from *Sebastian* Circuit Court.
Hon. E. D. HAM, Circuit Judge.
*A. H. Garland,* for appellants.
*Ben. T. Duval,* for appellee.

GREGG, J.    On the 16th of September, 1873, the appellants filed their petition in the Sebastian circuit court, setting up, through a next friend, that they are minor heirs of Charles B. Johnson, deceased; that their father died leaving property more than sufficient to pay his debts; that their mother was

appointed administratrix of his estate; that on the 9th of May, 1871, the administrator of the estate of Marcellus Duval obtained the allowance of a claim, in the proper probate court, against their father's estate for $6,737.50; that the same was ordered paid and classed in the fifth class of demands; that on the 10th day of September, 1873, appellants, by their next friend, applied by petition and affidavit to the clerk of the court for an appeal, and tendered him all costs, etc.; but that he refused to grant such appeal and to make out and file a transcript, etc.; that appellants are advised that said order of allowance is erroneous, fraudulent and unjust, and ought to be reversed, and they prayed that a *mandamus* issue against the clerk, compelling him to furnish a transcript, etc.

The appellee appeared in court and admitted the truth of all the facts stated in the petition, and submitted to the court whether or not he should be required to allow said appeal, etc. Whereupon the court found against the appellants and dismissed their petition, and they appealed to this court.

In the matter of the claim of Duval's estate against Johnson's estate before the court of probate, these appellants were not parties, and there was no judgment rendered against them and consequently there was nothing for them to appeal from. When a case is heard and a final judgment rendered, it is too late for third persons to come in and ask to be made parties that they may prosecute an appeal, and especially so, where they show no right to the thing in action or to its immediate use or control.

If the administratrix was mismanaging or wasting the estate, she was liable upon her official bond, or if collusion and fraud were had in the allowance of this claim, the heirs could have filed their bill in the proper court, and had such allowance held for naught.

If the allowance was unjust, the administratrix should have

appealed ; if she refused to do so, the heirs could have proceeded directly against her. Administration might be greatly embarrassed if every one who may have a remote interest in the proceeds of an estate could come into the courts and control and carry on litigation without the consent and against the will of the proper representative of the deceased.

The court did not err in refusing the *mandamus*, and its judgment is affirmed.