## McDONALD *v.* DANIEL.

### Opinion delivered May 27, 1912.

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A motion for new trial on account of newly discovered evidence should be supported by the affidavits of other persons than the party applying therefor, and, if possible, by the affidavit of the newly discovered witnesses. (Page 591.)

2. SAME—NEWLY DISCOVERED EVIDENCE.—A party asking a new trial for newly discovered evidence should not only state in his motion that he did not know of the existence of the testimony in time to produce it at the trial, but should also show facts from which it will appear that he could not have ascertained or obtained such evidence by reasonable diligence. (Page 592.)

3. SAME—NEW EVIDENCE—CUMULATIVE EVIDENCE.—Newly discovered evidence that is merely cumulative of that which was introduced upon the trial is not sufficient ground for a new trial. (Page 592.)

4. SAME—NEW EVIDENCE—DISCRETION OF COURT.—Applications for new trial upon the ground of newly discovered evidence are largely within the discretion of the trial court; and, unless such discretion has manifestly been abused, the appellate court will not disturb the action of the trial court. (Page 593.)

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*Rector & Sawyer,* for appellant.

Where the testimony in support of a motion for a new trial on the ground of newly discovered evidence is conflicting and controverted, the trial court correctly exercises a sound discretion in disposing of the question of fact thereby raised; but where the affidavit and motion is not controverted, there is no such discretion. 74 Ark. 383. The rule as to cumulative evidence is not an absolute test. 66 Ark. 525.

*E. H. Vance, Jr.,* for appellee.

It is not error to deny a motion for new trial based on newly discovered evidence where such evidence is merely cumulative. Cases cited by appellant support this rule. The motion was not in compliance with the statute, there being no supporting affidavits. Kirby's Dig., §§ 6215, 6218, 6219.

FRAUENTHAL, J. This is an action to recover the balance alleged to be due upon a note. The appellants admitted the execution of the note, but pleaded a partial failure of the consideration for which it was executed. The appellee is the administratrix of her husband's estate, and amongst the property thereof was a stock of goods. She obtained an order from the probate court to sell the stock of goods, and in said order and also in the notice of the sale it was stated that the sale would be made subject to the approval of said court. It appears that an inventory and appraisement had been made of all the personal property of the decedent's estate and filed in the proper office before said order was obtained, and that before the day of sale there was set apart to the widow her dower and widow's allowance of the personal property in pursuance of the provisions of the statute in such cases provided. For this property she had executed receipts, in which the items were set out, and these receipts were filed in the office of the probate clerk before the day of sale. Amongst the items thus set apart to her were some hay, corn and other feedstuffs, amounting to the appraised value of $134.23. These feedstuffs were situated in a barn or feed store, located a short distance from the storehouse in which was situated the stock of goods. It is claimed by appellants that these items of feedstuffs were a part of the stock of goods, and that upon the day of sale the stock of goods, including the above feedstuffs as a part thereof, was knocked off and sold to them by the appellee. Immediately after the sale, appellants paid a part of the purchase price in cash, and for the balance executed the note sued on. Subsequently, as they claimed, the appellee refused to turn over to them these items of the feedstuffs, and they contend that they are entitled to a credit on the note for the value thereof.

Upon the trial, the appellants introduced testimony tending to sustain their contention. On the other hand, the appellee introduced testimony tending to prove that these items were, not only set apart to the widow prior to the day of the sale, but that on the day of sale and before the stock of goods was offered for bids it was announced by the auctioneer that the property which was offered for sale consisted only of the stock of goods located in the storehouse, and did not include these items of the feedstuffs situated in a separate building, which were specifically mentioned and excepted from the sale. Thereafter, the appellee made a report of the sale of the stock of goods to the probate court from which these items of the feedstuffs were excluded. At the hearing of this report the appellants were present, and claimed that the feedstuffs were sold with the stock of goods to them. Thereupon the court stated that, if appellants were not satisfied with the report as made, it would set the sale aside and order a new sale of the stock of goods. Appellants made objection to this, and thereupon the sale as reported by appellee was approved by said court.

The trial resulted in a verdict in favor of the appellee, and the sole ground set out in the motion for new trial and now urged upon this appeal why the judgment should be reversed is that since the trial new evidence has been discovered. In the motion, appellants state that the persons who acted as appraisers of the personal property of the decedent's estate would testify that in making such appraisement the above items of the feedstuff were included as a part of the stock of goods; and that another witness would testify that the auctioneer, in crying out the sale, did not mention these items as excepted from the sale. No affidavit was attached to the motion in its support, but there appears with it a certificate of the clerk that one of the appellants made oath to the motion. In the motion no facts are stated showing why the appellants did not know of the alleged testimony which they claim these witnesses would give, or as to what diligence was used by them in order to ascertain this evidence now alleged to be newly discovered. It is only stated generally that since the trial they discovered the evidence.

A motion for new trial on account of newly discovered

evidence should be supported by the affidavits of other persons than the party applying therefor, and, if it can be done, by the affidavits of the newly discovered witnesses themselves. It is not sufficient that a party should state in his motion that he did not know of the existence of the testimony in time to have brought it forward at the trial; but it is necessary that he should show facts from which it must appear that he could not have ascertained or obtained such alleged newly discovered evidence by reasonable diligence. Kirby's Digest, § 6219; *Rynes* v. *State*, 99 Ark. 121, and cases there cited.

We are also of the opinion that this alleged newly discovered evidence was not within the issue actually involved in the case, and, if so, that it was cumulative of evidence adduced upon the trial. The items of the feedstuffs were inventoried and appraised as a part of the decedent's estate, and the inventory thereof was adduced in evidence, from which it appears that these items were inventoried along with the stock of goods. But it was claimed that the items had been set apart to the widow prior to the day of sale, and that at the sale it was stated by appellee as vendor that the only property which was offered for sale was the stock of goods located in the storehouse, and that these items of the feedstuffs were mentioned and expressly excepted from the sale. The testimony on the part of appellants was contradictory of this. This, then, was the issue—whether or not not the appellee as vendor at the time of the sale announced that the goods in the storehouse were alone offered for sale, and that the items of the feedstuffs were not offered for sale. The mere fact that long before the day of sale all the personal property of the estate, including these items of the feedstuffs, was appraised, and was on the same list would not throw light upon this issue, which was solely involved in the trial of the case. If, however, this testimony of the appraisers should be considered as material, it would only be cumulative of that which was adduced by the introduction of the inventory. Likewise, the testimony of the remaining witness was cumulative of the testimony of witnesses who testified in the case. When newly discovered evidence is only cumulative of that which was introduced upon the trial, it is not sufficient ground for a new trial. *Foster* v.

*State*, 45 Ark. 328; *Douglass* v. *State*, 91 Ark. 492; *Russell* v. *State*, 97 Ark. 92.

It has been repeatedly held by this court that applications for new trial upon the ground of newly. discovered evidence are left largely within the discretion of the trial court. Unless such discretion has been manifestly abused, the appellate court will not disturb the action of the trial court. We can not say that the trial court abused its discretion in its refusal to grant a new trial in this case. The judgment is accordingly affirmed.