McKENZIE v. CROWLEY, ADMINISTRATOR.

Opinion delivered June 7, 1915.

ADMINISTRATION—APPEAL FROM ORDER OF PROBATE COURT—BOND FOR COSTS.
—A physician presented a claim for professional services rendered
deceased during his last illness. The claim was disallowed, and
the probate court gave judgment in the physician's favor for a
sum less than his claim. *Held,* on an appeal from this order to
the circuit court, that the claimant was not required to give a
bond for costs under Kirby's Digest, § 1348, as amended by Act
No. 327, Acts 1909, p. 956..

Appeal from Greene Circuit Court; *J. F. Gautney,*
Judge; reversed.

*W. W. Bandy,* for appellant.

There is no ambiguity in the statute. The words,
"judgment creditor," were used in their legally accepted
sense, and that this is true is shown by the words joined
to them by the conjunction "or," the words "heir, de-
visee, legatee."

To hold that the phrase, "judgment creditor," em-
braces the class of claims, such as accounts, notes, etc.,
which, when presented to the probate court, might be
partly allowed, such partial allowance making a judg-
ment creditor of the claimant, would result in making a
proviso broader than the act. 46 Ark. 306.

To construe this phrase to embrace claimants whose
demands have been only partially allowed by the probate
court leads to an absurdity, and the Legislature will not
be presumed to have intended to do an absurd thing. 143
U. S. 457; 40 Ark. 431. See also 48 Ark. 307; 61 Ark.
226, 241.

No brief filed for appellee.

SMITH, J. Appellant presented to appellee, as ad-
ministrator of the estate of B. H. Crowley, Sr., a prop-
erly verified account for services rendered as a physician
during the last illness of appellee's intestate. The claim
amounted to $56, and was disallowed by the administra-
tor. Appellant then presented the claim to the probate
court, where he was allowed $6, and he prayed, and was

granted, an appeal to the circuit court. Appellee filed a motion in the circuit court to dismiss the appeal because appellant had failed to file in the probate court a bond to cover the costs of the appeal. The circuit court sustained the motion and dismissed the appeal. Exceptions were duly saved, and this appeal has been prosecuted from that order.

The appeal involves the construction of Act No. 327 of the Acts of 1909, found at page 956. This act was an amendment of section 1348 of Kirby's Digest, and the assumption is that it was passed to cure the deficiency of the law pointed out in the opinion of this court in the case of *Hall* v. *Rutherford,* 89 Ark. 553. In that case it was held that the administrator was the proper party to represent the estate in the matter of allowing or defending claims against it, and the right of appeal from adverse orders involving the estate was held to be a right to be exercised by the administrator and was denied persons interested in the estate who had not been made parties to the record. Section 1348 granted a year in which to take an appeal to the circuit court from the probate court.

The act of 1909, above referred to, made no change in section 1348 of Kirby's Digest, except to add the provision that any heir, devisee, legatee, or judgment creditor of the estate who feels aggrieved may at any time within six months after the rendition thereof prosecute an appeal to the circuit court from any final order or judgment of the probate court by filing an affidavit and prayer for appeal with the clerk of the probate court, together with a bond to pay the costs of the appeal if the judgment of the probate court is affirmed. This amendatory act further provides that, upon the filing of the affidavit and bond for costs the court shall make an order granting the appeal at the term at which such judgment or final order was rendered, or at any term within six months thereafter. And the act further provided that any such heir, devisee, legatee or judgment creditor of the estate may likewise, upon executing a bond for costs, prosecute an appeal to the Supreme Court from the circuit court.

The court below took the view that appellant having been allowed a portion of his demand became a judgment creditor, and could appeal only by complying with the amendatory act, and the appeal was dismissed because the bond had not been given.

The holder of a demand or claim against an intestate had the right of appeal from any adverse order affecting such demand or claim independently of the act of 1909, and that act did not profess to confer that right upon him nor to regulate the manner in which he should exercise that right. It gave the right of appeal to the persons named, who did not previously have it, and whose status was fixed at the death of the intestate and who were supposed to be chiefly interested in the *corpus* of the estate.

If this act was held applicable to the demand holder who was seeking to probate his claim or demand, then a bond for costs would be essential upon an appeal from a judgment allowing less than the face of the demand, while no bond for costs would be required if the demand was wholly rejected. The same requirements are provided for an appeal from the circuit court to the Supreme Court as are provided for an appeal from the probate court to the circuit court. But in the prosecution of these appeals the litigant who had wholly failed to establish any part of his demand would be favored over the litigant who had succeeded in part. The bond would be essential in the one case, and not in the other. No question is involved in this case of the right of one creditor who has probated his demand to resist the right of another creditor to probate his.

We think this act of 1909 should be construed to apply only to those classes whose right of appeal was created by the act, and that its requirement of a bond for the prosecution of an appeal is not to be extended to control the right of appeal of those persons whose right was not created by the amendatory act. The court below erred, therefore, in dismissing appellant's appeal for the want

of a bond for costs, and the judgment of the court below will be reversed and the cause remanded for a hearing upon the merits of the case.