## MORRIS *v.* RAYMOND.

Opinion delivered February 18, 1918.

1. WILLS—APPEAL FROM JUDGMENT OF PROBATE COURT—TIME FOR APPEAL.—The probate court admitted a will to probate, the daughter of the testator appealed to the circuit court. *Held,* the appeal was taken in apt time when taken more than six months, but less

than one year from the date of the rendition of the judgment by the probate court.

2. Appeal and error—failure to set out instructions in abstract.—All instructions must be set out in the abstract; and when not set out, errors will not be considered unless the instructions are so inherently defective that they could not be cured by others.

3. Appeal and error—abstract instructions—cure of error.—Appellant can not complain of an instruction given at appellee's instance, as abstract, if appellant asked, and the court gave an instruction bearing upon the same subject.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*Fred A. Snodgrass,* for appellants.

1. The appeal was properly dismissed, as it was taken more than six months after the judgment in the probate court. Kirby's Digest, § 1348; Acts 1909, p. 956; 99 Ark. 60.

2. The question of mental capacity is eliminated by the verdict.

3. No undue influence is proven. No domination or control over the mind of the testator amounting to deception or coercion is shown. 48 S. E. 306; 153 Mo. 276; 154 *Id.* 545; 189 *Id.* 677; 47 S. E. 442; 18 Mass. 410.

4. The court erred in its instructions. Old age, physical infirmities and even partial eclipse of the mind would not prevent one from making a valid testament, if he knew and understood what he was doing. 49 Ark. 367; 66 *Id.* 623. Nor is old age and feebleness of mind sufficient to justify an inference of want of testamentary capacity. 59 N. Y. 421. See also 160 Mo. 570; 92 N. W. 1006; 106 N. W. 326; 98 N. Y. S. 438. A person does not have to be possessed of more than ordinary mind to make a will. If he understands his business and has sufficient memory to remember persons naturally the objects of his bounty, their deserts, as well as needs, what he has done for them and the amount and condition of his property, he is competent to make a will. Rood on Wills, § 3; 67 Pac. 737; 21 Am. St. 85; 47 *Id.* 352; 68 N. E. 271; 74 *Id.* 760; 9 Pac. 272; 69 N. E. 237; 56 Pac. 385; 18 *Id.* 6; 60 *Id.* 527; 42 Mich. 232.

There was no undue influence. 18 Mass. 410; 1 S. W. 974; 25 *Id.* 506; 120 Mo. 252; 45 S. W. 1077; 117 *Id.*

4; 207 Mo. 420. Affection, persuasion or fair argument do not constitute undue influence. 88 S. W. 696; 47 *Id.* 442; 68 N. E. 1068; 104 N. W. 452; 110 Me. 156; 105 N. W. 110; 59 Atl. 661; 72 Conn. 305; 78 N. E. 1. Fraud or undue influence must be proven. 87 Ark. 148; 103 *Id.* 236. See also 76 Am. St. 927.

*Ira D. Oglesby,* for appellee.

1. Appellants have failed to comply with the rules of this court. The abstract does not set out the motion for new trial, nor the evidence nor the instructions. *Queen* v. *Royal,* 102 Ark. 95.

2. The appeal was in time. Kirby's Digest, § § 8028-9; 99 Ark. 56; 89 *Id.* 554; 103 *Id.* 209; 127 *Id.* 266.

3. The instructions are not set out in the abstract, but there is no error in them. 80 Ark. 356. The court will presume that the jury were properly instructed. 92 Ark. 245; 81 *Id.* 327, 508. The burden was on appellants. The law as to mental capacity and undue influence was correctly announced. 80 Ala. 129; 14 Fed. 902. See also 29 S. W. 587; 5 Mo. App. 390; 84 Mo. 455; 21 Am. St. 85; 19 Ark. 533; 15 *Id.* 602; 19 *Id.* 533; 40 Cyc. 1151-2; 100 Am. Dec. 320; 37 Mo. App. 163.

4. Appellants did not ask a peremptory instruction or demur to the evidence and can not raise the question now. 162 Pac. 1094; 160 *Id.* 481; 130 *Id.* 157; 117 *Id.* 302; 42 S. W. 843; 72 N. E. 1066; 77 *Id.* 139; 45 N. Y. 628; 59 Pac. 808.

5. On the cross-appeal of appellee. The testimony was sufficient to submit to the jury the testamentary capacity of the testator. There was error in the instructions and admissions of testimony. 119 Ark. 434.

HART, J. This appeal involves the contest of the last will and testament of E. C. Brogan, deceased. The probate court admitted the will to probate and Mrs. A. H. Raymond, the daughter of said testator, appealed to the circuit court. In the circuit court the jury found in favor of the contestants as to the two items of the will in which the proponents were chiefly interested.

From the judgment rendered, the proponents of the will have duly prosecuted an appeal to this court.

The appeal from the probate court to the circuit court was taken more than six months after the rendition of the judgment admitting the will to probate, but within less than one year from that date.

The question of whether or not the appeal was taken too late depends upon what statute regulates the taking of appeals from the probate court to the circuit court in the matter of proving wills and contesting their probate. In *Hogane* v. *Hogane*, 57 Ark. 508, it was held that the act of April 16, 1873, abolishing the probate court and giving original jurisdiction to the circuit court in all matters relating to the probate of wills impliedly repealed section 8029 of Kirby's Digest, being that provision in section 513 of the Civil Code regulating appeals to the circuit court from an order admitting a will to record or rejecting it. The court further held that having been thus repealed, the mere adoption of the Constitution of 1874 did not revive this provision. Hence the general statute regulating the time in which appeals may be taken from judgments of the probate court to the circuit court is applicable to this case. Act 327 approved May 31, 1909, amends section 1348 of Kirby's Digest relating to appeals from the probate court to the circuit court. Acts of 1909, page 956.

Section 1348 of Kirby's Digest reads as follows:

"Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time within twelve months after the rendition thereof by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the probate court, and upon the filing of such affidavit the court shall order an appeal at the term at which such judgment or order shall be rendered, or at any term within twelve months thereof. The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because he verily believes that he is aggrieved, and is not taken for the purpose of vexation or delay."

The Legislature of 1909 amended this section by adding thereto the following: "And any heir, devisee, legatee or judgment creditor of an estate, who feels aggrieved, may at any time within six months after the ren-

dition thereof prosecute an appeal to the circuit court from any final order of judgment of the probate court, by filing an affidavit and prayer for appeal with the clerk of the probate court," etc.

In *McKenzie* v. *Crowley, Admr.,* 119 Ark. 185, we said that the amendment to section 1348 of Kirby's Digest made by the Legislature of 1909 should be construed to apply only to those classes whose right of appeal was created by the act. When section 1348 of Kirby's Digest is read in connection with the amendment made by the Legislature of 1909, it is manifest that the Legislature intended to give the right of appeal to certain classes of persons who did not have that right and that it did not intend to shorten the time of appeal to those already possessing the right under section 1348 of Kirby's Digest. In *Ouachita Baptist College* v. *Scott,* 64 Ark. 349, it was held that where a will is admitted to probate in common form in the probate court, without notice to interested persons, they may make themselves parties by perfecting an appeal to the circuit court, in order to contest the will. Under this decision appellee, being the daughter of the testator, had the right to appeal under section 1348 of Kirby's Digest and as above stated we do not think the Legislature of 1909 intended to cut down that time from one year to six months. We are of the opinion, therefore, that the appeal was taken within time.

(2) It is insisted by counsel for appellants that the court erred in giving several instructions at the request of appellee. None of the instructions given except one are set out by counsel for appellants in his abstract and brief. It is the settled rule in this State that assignments of error relating to the giving of instructions can not be considered on appeal when all of the instructions are not set out in the abstract unless the instructions complained of are so inherently defective that they could not be cured by others. *Harretson* v. *Eureka Springs Electric Co.,* 121 Ark. 269; and *Barnett Bros.* v. *Western Assurance Co.,* 126 Ark. 562. We find none of the instructions of which counsel for appellants complained to be so defective that, even if they are considered incorrect, the defects might not have been cured by other instructions.

(3)  It is next insisted by counsel for appellants that there was not sufficient evidence in the record to submit to the jury the question of undue influence exerted upon the testator in the execution of the will.  Counsel for the appellants are in no attitude to raise this question on appeal.  Instructions on the question of undue influence were given to the jury upon the request of the appellants as well as of the appellee.  The objection to the instructions on undue influence was, as we have just seen, that there was no testimony upon which to predicate them.  Appellants can not complain of an instruction given at appellee's instance as abstract if they ask, and the court gave an instruction bearing upon the same subject.  *St. L., I. M. & S. Ry. Co.* v. *Baker,* 67 Ark. 531; *St. L. & S. F. Rd. Co.* v. *Vaughan,* 88 Ark. 138; *St. L., I. M. & S. Ry. Co.* v. *Carter,* 93 Ark. 589, and *National Fruit Products Co.* v. *Garrett,* 121 Ark. 570.

It is true counsel for appellants asked for a peremptory instruction at the conclusion of the testimony, but there was no error in the refusal of the court to grant this.  The will was contested upon two grounds:  First, that the testator did not have sufficient mental capacity to make a will; and, second, that the will was procured to be executed by undue influence practiced upon the testator.

It is conceded by counsel for appellants that there was sufficient testimony to take the case to the jury on the question of the mental capacity or incapacity of the testator.  Hence it can not be said that the court erred in not directing a verdict in favor of appellants.  We need not consider whether or not there was sufficient testimony to establish the allegations of undue influence, for as we have already seen, both parties asked for instructions on this question, and appellant can not now complain that there was no testimony upon which to predicate such instructions.

We find no reversible error in the record and the judgment will be affirmed.