## HUCKABY *v*. HOLLAND.

### Opinion delivered October 10, 1921.

1. TRIAL—INSTRUCTION—SPECIFIC OBJECTION.—To an ambiguous instruction, not inherently incorrect, the objection should be specific, and not general. So *held* where, in an action on a note to which the defense was that the note had been altered by striking out a clause retaining title to a chattel sold, an instruction that "if you should find from the evidence that the note had the cause retaining title to the car in plaintiff *erasure* [instead of *erased*], then you should find for defendant," was not open to a general objection.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.—It was not error to deny a new trial for newly-discovered evidence which was merely cumulative, where there was a lack of diligence in securing such evidence.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*J. E. London* and *Robt. J. White,* for appellant.

A new trial should have been granted because the verdict was not supported by the evidence. C. & M. Digest, §311, par. 6; 137 S. W. 925; 135 S. W. 922.

The court should have granted a new trial upon the grounds of newly discovered evidence, sufficient diligence having been shown. C. & M. Digest, §1311, par. 7; 26 Ark. 496; 92 Ark. 519. It must be sustained by affidavits showing its truth. Kirby's Digest, §6219.

The affidavits of Corbin Holland, Lizzie Burket, his attorneys and Crawford were of sufficient probative force to entitle him to a new trial, and were not cumulative merely. 70 S. E. 975; 81 Pac. 184; 111 N. W. 540; 93 S. W. 10; 104 Pac. 529; 69 N. E. 264; 33 Ind. 309; 99 Miss. 274; 110 Pac. 699; 15 N. W. 258; 66 Ark. 612; 141 S. W. 196; 85 Ark. 179; 190 S. W. 851; 222 S. W. 724; 126 N. E. 841; 77 S. W. 397; 94 N. E. 428; 218 S. W. 827; 126 N. E. 223; 101 S. E. 192; 174 N. W. 339; 175 N. W. 166; 177 Pac. 859; 209 S. W. 45; 80 So. 858; 255 Fed. 182; 122 N. E. 670; 170 N. W. 224; 173 N. Y. Sup. 15; 207 S. W. 487.

*E. L. Matlock,* for appellee.

The court did not err in giving the instruction and in saying that it stated all the law there was in the case. No specific objection to the instruction was made at the time. 137 Ark. 319; 135 Ark. 499. If appellant thought the instruction would mislead the jury, a specific objection should have been made at the time. 132 Ark. 54; 137 Ark. 530; 135 Ark. 499.

The court properly instructed the jury, and there was substantial legal evidence to sustain the verdict. 90

Ark. 100; 75 Ark. 111; 84 Ark. 406; 85 Ark. 193. The burden was upon appellant to show that the note had been changed before he signed it. 119 Ark. 282.

Cumulative evidence is not sufficient to justify the granting of a motion for new trial.

If there was a reservation of title, it was waived by bringing suit on the debt. 67 Ark. 206; 78 Ark. 501; 78 Ark. 569; 91 Ark. 319; 92 Ark. 530; 97 Ark. 432.

McCulloch, C. J. D. C. Holland and appellant, T. R. Huckaby, executed a promissory note to appellee, J. F. Holland, for the sum of $1,100, the price of an automobile sold by appellee to D. C. Holland. Appellant's name appears signed to the note as one of the joint makers, but, according to the undisputed evidence, he signed merely as surety for D. C. Holland. The note concludes with the following clause: "The above note was given for Dodge car." This is a suit on the note, and the only defense is that the note, when signed, contained a clause retaining title to the automobile in appellee as the seller thereof, and that this clause had, without the consent of appellant, been erased.

There is a conflict in the testimony, and we think there was testimony adduced legally sufficient to justify the submission of the issue whether the clause mentioned was a part of the note when signed by appellant. It appears from the testimony that, after the parties had agreed upon the execution of the note, they repaired to a certain mercantile establishment and there obtained a printed form of note containing a clause for the retention of title. That clause appeared at the time of the trial to have been erased, but appellant's testimony was to the effect that the clause was in the note at the time of its execution. Appellee testified positively and unequivocally that the clause retaining title to the car was not a part of the note at the time it was signed. We can not, therefore, sustain the contention of counsel that the verdict in appellee's favor on this issue was altogether without testimony to support it.

It is insisted that the court erred in giving the following instruction:

"If you find that the note in suit has been changed in a material matter since it was signed, by erasure or otherwise, then it will be your duty to find for the defendant, Huckaby, against the plaintiff, but if you should find from the evidence that the note had the clause retaining title to the car in the plaintiff *erasure,* then you should find for defendant Huckaby. That is all of the law there is to the case."

It is contended that this instruction is so vague that it is misleading. There was, however, no specific objection to it, and the only objection was a general one, We think that, while the instruction is ambiguous, and therefore, uncertain to some extent, it is not inherently incorrect, and that the objection to it should have been specific, so as to point out to the court the defect in the language used. It is manifest that the court meant to tell the jury that, if the clause retaining title to the car in the plaintiff had been erased after execution of the note, the verdict should be for appellant, and the error in the instruction is doubtless a clerical one in copying.

The assignment of error most earnestly insisted upon here relates to the ruling of the court in refusing to grant a new trial on account of evidence alleged to have been newly discovered. Appellant filed with his motion for a new trial several affidavits, one being from W. T. Crawford, who was assistant cashier of a bank at Alma, who testified that the note was sent to that bank for collection, and that it then had in it the clause retaining title to the car. Affidavits of other witnesses tended to show admissions on the part of appellee that the note had originally contained the clause in question, but that the same had been erased. This testimony was cumulative, and for that reason the court was justified in refusing to grant a new trial on that ground. Moreover, there was a lack of diligence, which justified the court in granting the motion.

Appellee further contends, in defense of the judgment, that, since he had the right to make an election not to enforce the clause retaining title, an alteration of the note in that regard was not material. It is unnecessary, however, to discuss that question, for the reason that we find that the case was submitted to the jury upon the sole issue joined by the parties themselves whether the erasure was made before or after the note was signed, and that that issue was properly submitted to the jury, and there is no error in the proceedings. The judgment is therefore affirmed.