CADDO CENTRAL OIL & REFINING CORPORATION *v.* BOAT-
RIGHT & CHEESMAN.

Opinion delivered June 4, 1923.

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—It was not an abuse
   of discretion to refuse a new trial for newly discovered evidence,
   in the absence of a showing of diligence and where such evi-
   dence was merely cumulative.

2. EVIDENCE—PHOTOGRAPH.—Where a photograph of the scene of a
   fire was not identified by the person who took it as a correct
   representation of the place of the fire, but a witness testified
   that it represented the appearance of the place on the morning
   after the fire, it was not error to permit its introduction with the
   explanation by the court that it might be considered by the jury
   as explanatory of the testimony of such witness.

3. NEGLIGENCE—FIRE—EVIDENCE.—Evidence *held* to support a find-
   ing that a fire which destroyed plaintiff's property was negli-
   gently set out by defendant's employees.

Appeal from Lafayette Circuit Court; *George R.
Haynie,* Judge; affirmed.

*Mahoney & Yocum* and *Searcy & Searcy,* for ap-
pellants.

The court erred in refusing to grant a new trial
on account of newly discovered evidence. The court err-
ed in not allowing the introduction of the photograph
showing the condition, the brush heaps, from which the
fire originated, and in making the comment on it,
which indicated that court's opinion of its weight.
Note 114, A. S. R. 440; 1 Greenleaf on Evidence,
§ 439-h; 91 Ark. 179; general rule for admission, 106
S. W. (Ky.) 795; 118 N. Y. 77, 23 N. E. 35; 68 L. R.
A. (Ore.) 477; 58 S. W. (Tenn.) 270; 26 L. R.
A. (Mass.) 430, 48 S. E. (S. C.) 591; 41 Atl. (Pa.) 617.
The evidence is insufficient to support the verdict. The
verdict is excessive, is for $3,923.06 in excess of the
maximum damage based on appellee's evidence.

*W. W. McDonald* and *King & Whatley,* for appel-
lees.

No abuse of discretion in denying motion for new trial on ground of newly discovered testimony. 148 S. W. (Ark.) 271; 85 Ark. 33, 106 S. W. 203; 73 Ark. 528, 84 S. W. 728; 2 Ark. 133; 2 Ark. 346; *Hinkle* v. *Lassiter,* 142 Ark. 223; 144 Ark. 58. No error in allowing the introduction of the photograph by witness who had not made them, and telling the jury that they could be considered for what they were worth. Appellant voluntarily withdrew the picture and refused to offer in evidence the others. If there was error, it was invited. 151 Ark. 35; 145 Ark. 303. Case in point 15 L. R. A (N. S.) 1162. See also 85 Ark 30; 98 Ark. 583; 142 Ark. 584; 9 L. R. A. (N. S.) 1007. The verdict is supported by the evidence. 96 Ark. 405, 131 S. W. 878; 17 Ark. 478; 92 Ark. 569, 123 S. W. 781; 87 Ark. 65, 113 S. W. 639; 89 Ark. 111, 115 S. W. 950; 74 Ark. 16; 82 Ark. 372, 101 S. W. 738. Verdict conclusive on appeal if there is any evidence legally sufficient to support it. 102 Ark. 200, 143 S. W. 92; 75 Ark. 111, 86 S. W. 1001; 78 Ark. 19, 3 S. W. 58; 73 Ark. 377; 84 S. W. 469; 89 Ark. 321, 116 S. W. 660; 99 Ark. 648, 139 S. W. 543; 145 Ark. 273; 144 Ark. 402. The verdict is not excessive.

SMITH, J. Appellees, plaintiffs below, compose a partnership doing business as Boatright & Cheesman, and for their cause of action alleged that in July, 1921, they were engaged in Union County in drilling for oil under a contract with an oil company on a lease known as the Pratt lease. That at the same time appellant, a corporation, the defendant below, was preparing to operate on an adjoining lease known as the Fitzgerald lease. That in drilling operations great care must be exercised to prevent disasters from fire, the character of the work making necessary the presence of inflammable material, a fact known to defendant and to all other persons in the drilling business; yet, notwithstanding this knowledge which the defendant possessed, it did, on

July 23, 1921, permit its employees to build and maintain a large fire on the Fitzgerald lease, presumably for the purpose of destroying underbrush, and it negligently permitted the fire to spread to the Pratt lease, and there ignited and partially destroyed plaintiffs' drilling rig, equipment and accessories, and so badly damaged the remainder as to render their practical use impossible. There was a prayer for the damages done the drilling outfit and for the loss of its use pending its repair.

Plaintiffs offered testimony which supported the allegation of negligence in allowing the fire to spread, and this notwithstanding the fact that notice was given by plaintiffs to the employees of defendant, having charge of the fire, of its danger. Plaintiffs also offered testimony as to the extent of the damages, the testimony being sufficient to sustain the verdict returned.

Defendant answered and denied negligence or responsibility for the fire, and denied the damages.

A verdict for $14,000 was returned in favor of the plaintiffs, and from the judgment pronounced thereon is this appeal.

The first assignment of error argued is that the trial court erred in refusing to grant a new trial on account of newly discovered evidence. This newly discovered evidence was to the effect that the employees of another oil company had set fire to the brush on a tract of land known as the Caddo Central lease, and that the fire which damaged plaintiffs originated there.

The record shows that the suit was commenced February 4, and that at the February term in March defendant was given sixty days in which to file answer, and this resulted in giving the defendant six months to prepare for trial, which occurred at the following term of court. Moreover, testimony was offered at the trial tending to show that the fire had originated in this manner, so that the newly-discovered testimony was merely cumulative, and we cannot therefore say the trial court abused its discretion in refusing to grant a new

trial on this account. *St. Louis S. W. Ry. Co.* v. *Goodwin,* 73 Ark. 528; *Arkansas Mut. Fire Ins. Co.* v. *Stuckey,* 85 Ark. 33; *McDonald* v. *Daniel,* 103 Ark. 589; *Hinkle* v. *Lassiter,* 142 Ark. 223; *New Coronado Coal Co.* v. *Jasper,* 144 Ark. 58.

As tending to show that the fire which damaged plaintiffs did not originate on the Fitzgerald lease, defendant offered in evidence a photograph which had been taken by a Mr. Taylor. The witness who offered the photograph in evidence was a Mr. Doyle, who did not take it, but who did testify that it represented the appearance of the Fitzgerald lease on the morning after the fire when the picture was taken. Objection was made to the introduction of the photograph upon the ground that it had not been properly identified. In ruling upon the objection made, the court said there was no testimony to show that the picture was taken from the negative prepared by the photographer, and that the photograph was hearsay evidence, but that, as the witness had testified that the photograph resembled the place of the fire, he would allow the picture to be offered in evidence and be considered by the jury for what it was worth. Objection was made to this comment, whereupon the court said: "I want to make myself clear on that, gentlemen. The witness testified that this picture resembles the condition down there at the time he saw it on the evening of the 23rd, and the picture may go, and it goes as the testimony of this witness—simply as a picture which he says resembles the condition there at the time, but there is no legal testimony here that the jury could consider as to who made that picture or where it came from." After this remark, defendant refused to offer the photograph in evidence, and now insists that the comment of the court destroyed its value as testimony and constituted a charge on the weight of the testimony.

The court might have permitted the introduction of the photograph without comment, but we do not think the court's comment is open to the objection made. The

fact stated by the court was undisputed. The witness had not taken the picture, and did not know that it had been properly developed. He did testify that the photograph resembled the place of the fire, and the court ordered it admitted as explanatory of the witness' testimony.

In the case of *Sellers* v. *State,* 91 Ark. 179, we quoted from 1 Wigmore on Evidence, §§ 790-792, as follows: "As a general rule, photographs are admissible in evidence when they are shown to have been accurately taken, and to be correct representations of the subject in controversy, and are of such a nature as to throw light upon it." 9 Enc. of Ev., 771; Wharton's Crim. Ev., § 544; *Blair* v. *Pelham,* 118 Mass. 420; *Church* v. *Milwaukee,* 31 Wis. 512; Underhill on Criminal Ev., 551. The general objection to the photographs as evidence was sufficient to raise the question of their relevancy. Photographs are admissible as primary evidence upon the same grounds for the same purposes as diagrams, maps and plats. Underhill's Crim. Ev., § 50; 1 Wig. Ev. 792. They aid the jury to understand the evidence of the witnesses by illustrating the situation of the persons, places or things connected with the subject-matter of the inquiry. *People* v. *Buddensieck,* 103 N. Y. 487." See also *Zinn and Cheney* v. *State,* 135 Ark. 342.

The ruling of the court conformed to the statement of the law quoted above. The photograph was admissible only as a map or a plat would have been admissible, to enable the jury to comprehend, to visualize, the testimony of the witness.

It is insisted that the testimony does not support the verdict. On that question, it may be said that piles of brush were fired on the Fitzgerald lease on July 22; and there was also testimony that there were no other fires on that day except the ones on this lease, and that the persons who had set the fires were warned of the danger, but, notwithstanding this warning, these

employees left the fires burning, unattended, on the afternoon of the 22d.

Objection is made that the verdict is excessive. Two instructions were given on the measure of damages, one on the court's own motion, the other at the request of the defendant, and, while they cover the same ground, there appears to be no conflict between them. The testimony shows that plaintiffs were drilling in a producing field, and expedition was highly desirable, and this fire not only involved a suspension of drilling operations, which the testimony shows were highly profitable to the plaintiffs, but required them to practically rebuild their outfit by way of repairing. The jury has awarded what appears to be full compensation, but we cannot say the testimony does not support the verdict returned. Indeed, the testimony on the part of appellees would have supported an even larger verdict under the instruction on the measure of damages which was given at appellant's request.

We find no prejudicial error, and the judgment is affirmed.