BENEUX *v.* BENEUX.

4-3782

Opinion delivered March 18, 1935.

*Starbird & Starbird,* for appellant.
*Partain & Agee,* for appellees.

McHANEY, J. Only two questions are presented for our consideration by this appeal. The first is that the appeal from the order of the probate court, where the case originated, was not perfected within six months, and should therefore have been dismissed. The second is that the probate court was not in session on March 20, 1933, the date on which the appeal was granted, and that therefore the appeal was not granted by the court but by the judge.

Appellant is the administrator of the estate of H. A. Beneux, and appellees are judgment creditors of said estate. Appellant filed his report as administrator, and appellees filed their exceptions thereto. These exceptions were heard by the probate court, and an order or judgment was entered overruling appellees' exceptions on the 19th day of September, 1932. On March 20, 1933, one day more than six months after the overruling of said exceptions, appellees presented to the court or the judge thereof their bond for costs and affidavit for appeal to the circuit court, which was granted. The record in the probate court was filed with the clerk of the circuit court, and appellant moved to dismiss the appeal on the grounds above stated. The court overruled said motion. On a hearing before the circuit court, said court allowed certain of the exceptions of the appellees and overruled certain others and surcharged the administrator's account accordingly, and ordered same certified to the clerk of the probate court. From this order and judgment, this appeal is prosecuted, and the two questions first above mentioned are presented for our consideration.

As to the contention that the appeal should have been dismissed because not taken within six months. Section 2258 of Crawford & Moses' Digest provides: "Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time

within twelve months after the rendition thereof by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the probate court, and, upon the filing of such affidavit, the court shall order an appeal at the term at which such judgment or order shall be rendered, or at any term within twelve months thereof. * * * And any heir, devisee, legatee or judgment-creditor of an estate, who feels aggrieved, may at any time within six months after the rendition thereof prosecute an appeal to the circuit court," etc.

It is appellant's contention that, since appellees are judgment-creditors of said estate, they have only six months in which to take an appeal. We cannot agree with this contention. Appellees made themselves parties to the proceedings in the probate court when the administrator filed his account, by filing exceptions thereto and trying the same out before the probate court. They became parties to the action, and under the plain terms of the statute had twelve months in which to appeal. The fact that they were judgment creditors could make no difference if in fact they were parties to the action. Prior to act 327 of 1909, page 956, there was no provision in the statutes for an appeal to be taken by any person not a party to the record. In the case of *Hall* v. *Rutherford,* 89 Ark. 553, 117 S. W. 548, this court held that: "One claiming some interest in an estate but who is not a party, but a stranger, to the record, in the probate proceedings in the allowance of a claim against the estate, cannot appeal therefrom to the circuit court." This decision was rendered March 15, 1909, and at that same session of the Legislature the above-mentioned act was passed amending § 1348 of Kirby's Digest, which, in its amended form, now is in the digest as § 2258 of Crawford & Moses' Digest. The provision with reference to "any heir, devisee, legatee or judgment creditor of an estate" gives them the right of appeal within six months, and thereby preserves their rights for said period, even though not a party to the record. Just why the Legislature should see proper to make this distinction between parties to the record and strangers thereto, we do not undertake to say; but it had the power to make such distinction, and it is

not for the courts to question the wisdom thereof. The case relied upon by appellant, that of *Stricklin* v. *Galloway*, 99 Ark. 56, 137 S. W. 804, was an appeal by an heir who had not made himself a party to the record. Therein lies the distinction. See also *Miller* v. *Fearis*, 184 Ark. 858, 44 S. W. (2d) 343; *Smith & Shoptaw* v. *Stanton*, 187 Ark. 447, 60 S. W. (2d) 183; *McKenzie* v. *Crowley*, 119 Ark. 185, 177 S. W. 873; *Morris* v. *Raymond*, 132 Ark. 441, 201 S. W. 116. It is therefore clear that appellees prosecuted their appeal in apt time.

■ As to the second contention that the probate court was not in session on March 20, 1933, the date the appeal was granted, we think appellant is again wrong. The probate record shows that the court was in session on March 11, 1933, and transacted business on that day, and no adjourning order was made. The record further shows that on March 20, "the probate court of Crawford County, Arkansas, met pursuant to adjournment." On that date the appeal herein was granted. There is no record of what transpired between the 11th and the 20th days of March. Presumably, the court was in session as no adjourning order was made on March 11. Entry of March 20th shows it met pursuant to adjournment. Therefore the presumption will be indulged that it was properly in session on said day in the absence of a showing that it was not in session. We think this is conclusive, in the absence of a showing to the contrary, that the court was in session when the appeal was granted.

No error appearing, the judgment is affirmed.