MYERS *v.* LILLARD.

4-8884                                   220 S. W. 2d 608

Opinion delivered May 23, 1949.

*C. E. Izard, Wilson & Starbird* and *Hardin, Barton & Shaw,* for appellant.

*Daily & Woods,* for appellee.

ED. F. McFADDIN, Justice. In this action on account for $113.42 the parties have injected questions of venue, partnership, sales, payment, evidence and trial practice. Fortunately for those who favor short opinions, we are able to bypass some of the questions presented.

The facts are fairly simple. In 1945, the appellants, Myers and Arnold, entered into a contract for growing

beans, by the terms of which contract (1) Myers was to furnish the bean seed and fertilizer, (2) Arnold was to furnish the land and labor, and (3) the gross sales price received from the harvested bean crop would be divided equally between Myers and Arnold. Myers did furnish some of the fertilizer, but when, on August 26th, Arnold went to him for additional fertilizer, Myers had none on hand; so he ordered 50 sacks of nitrate of soda from the appellees (doing business as the Fort Smith Cotton Oil Company). This purchase amounted to $113.42, and payment thereof is the reason for this action.

Myers did not deny that he ordered the fertilizer, and Arnold admitted receiving it. The proof showed that, at Myers' request, Arnold had the trucking firm of Stewart & Wofford to obtain the 50 sacks of nitrate from appellees and deliver same to Arnold's farm, where the nitrate was used on the Myers-Arnold bean crop. When Stewart (of the trucking firm) received the nitrate, it was billed to Arnold. Later Arnold refused to pay the bill, claiming that under the Myers-Arnold contract it was Myers' duty to furnish the fertilizer. Some time later when the account was presented to Myers he also refused payment, claiming that all items charged by appellees to him had been paid previously. Thereupon appellees filed this action against both Arnold and Myers in the Sebastian Circuit Court to collect the said sum of $113.42. Myers was served with process in Crawford county and he duly objected to the venue. His plea was overruled. A trial to a jury resulted in a verdict and judgment against both Myers and Arnold for the full amount; and this appeal challenges that judgment.

In the course of the trial neither Arnold nor Myers objected to the action of the court in giving Arnold's instruction No. 3 as modified (and as found on page 109 of the transcript). It reads:

"Gentlemen of the jury, plaintiffs, R. A. Lillard and others, have sued the defendants, W. D. Arnold and J. W. Myers jointly and as individuals, for the purchase price of 50 sacks of soda, of the value of $113.42, which they allege was sold to the defendants, at the defendants'

special instance and request, on or about August 27, 1945.

"The defendants have denied each and every material allegation in plaintiffs' complaint and deny that they were jointly liable, but allege that they were share-croppers engaged in the raising of certain vegetables on the day and date complained of. The defendant, J. W. Myers, admits that, under the terms of his agreement with W. D. Arnold in said share-cropping arrangement, it was his duty to furnish fertilizer to be used in said share-crop operation, and defendant, J. W. Myers, further admits that he purchased from plaintiffs said 50 sacks of soda, as an individual.

"These facts constitute the issues in this case, and the Court instructs you that the burden of proof is upon the plaintiffs to prove that the purchase was made by the defendants, on the day and date alleged in the complaint, and has not been paid for; *that the joint venture existed between the parties upon said date,* and unless the plaintiffs prove each of these facts to your satisfaction, by a preponderance of the testimony, your verdict should be for the defendant, W. D. Arnold." (italics our own)

We have copied this instruction in full for several reasons:

*First.* It was not objected to by either appellant, so it became the unchallenged basis for the jury's verdict. McFadden v. Richards Med. Co., 170 Ark. 1011, 282 S.W. 353.

*Second.* It was not abstracted by either appellant; and such failure to so abstract this instruction [1] justifies this Court in failing to consider the trial Court's refusal to give other requested instructions. Harrelson v. Eureka Springs, Elec. Co., 121 Ark. 269, 181 S.W. 922; Morris v. Raymond, 132 Ark. 449, 201 S.W. 116; and see, also, other cases collected on page 146 in the 1948 volume entitled, "Supreme Court Procedure," published by C. R. Stevenson.

---

[1] Arnold's requested instruction No. 2 found on page 107 of the transcript is also omitted from all the abstracts.

*Third.* This instruction—without objection of appellants—listed the matters that appellees were required to prove, as being: the purchase, failure of payment, and existence of a "joint venture" between the appellants. The evidence, when viewed in the light most favorable to the appellees, is sufficient to support the jury verdict on each of the three points that the plaintiffs were required to prove by the said instruction.

Therefore, it is unnecessary for us to decide what relationship existed between Myers and Arnold, or even to discuss the various relationships which might be thought to have existed, since neither appellant objected to the instruction which referred to their efforts as a "joint venture." Such quoted words, in effect, submitted to the jury the question of whether the defendants were joint adventures. See 33 C.J. 841; 48 C.J.S. 801; 30 Am. Juris. 675 and annotation in 138 A.L.R. 968. The verdict found the appellants to be joint adventurers; and joint adventurers may be jointly and severally liable to third parties for the debts of the adventure. See 33 C.J. 871, 48 C.J.S. 873, 30 Am. Juris. 699.

Likewise, Myers' plea as to venue is settled by the jury's verdict based on the said instruction; because Myers, as a joint adventurer with Arnold, was jointly liable with him, and therefore could be sued in Sebastian county, where Arnold was sued and served with process. See Gibson v. Talley, 206 Ark. 1, 174 S.W. 2d 551.

The judgment of the circuit court is in all things affirmed.