SMITH *v.* STATE.

4678                                          246 S. W. 2d 566

Opinion delivered March 3, 1952.

*Ike Murry,* Attorney General and *Dowell Anders,* Assistant Attorney General, for appellant.

GRIFFIN SMITH, Chief Justice. In consequence of an information charging rape appellant was convicted of assault with intent to commit rape and sentenced to serve three years in the penitentiary. The proceedings were heard by a careful trial judge. The motion for a new trial assigns nineteen alleged errors.

In addition to the three stereotyped contentions that the verdict is contrary to the law, contrary to the evidence, and contrary to the law and evidence, it is insisted (a) that the evidence was insufficient to sustain the charge of rape; (b) the evidence did not sustain the conviction of attempted rape, there was no showing that a crime had been committed, and it was error to overrule the challenge of a juror on the ground of implied bias; (c) before trial began the court stated that certain evidence then discussed would not be admitted if objected to; (d) clothing alleged to have belonged to the defendant was exhibited to the jury, and the same prejudice occurred when clothing of the prosecuting witness was allowed to be exhibited, a contention being that it was not in the same condition when the crime was alleged to have occurred,

and that it had not been properly kept; (e) it was error to give Instructions Nos. 4, 6, 7, and 8; (f) error occurred when the court told the jury it might assess the death penalty when, as it is alleged, the jurors had not been "first so qualified"; (g) the defendant's rights were infringed when the court failed to inform the jury, on its own motion, that if the defendant should be found guilty without a recommendation for life imprisonment, the court would be bound to assess the death penalty; (h) the court erred in refusing to allow the defendant to show the result of lie-detector tests submitted to by the defendant and the prosecuting witness, "the expert who made the tests having been in court and having the original charts, and being ready and willing to testify"; (i) it was error to allow the trial to continue in the Greenwood district when, after the state had rested, its only testimony regarding venue affirmatively showed it to be in the Ft. Smith district; and, finally, (j) it was error to instruct the jury that it might return a verdict of guilty of assault with intent to rape, when the information charged rape.

The answer to contention *a* is that the defendant was not convicted of rape. (b) We do not know whether the evidence was sufficient to convict, since it is not before us. A presumption of sufficiency attaches to the trial court's action in rendering judgment. Matters alleged under subdivisions *c, d, e, f, g, h, i,* and *j* are likewise intangible in the absence of a bill of exceptions.

When instructions alleged to have been erroneously given or refused are not brought to the attention of the Supreme Court by bill of exceptions, the trial court's actions cannot be reviewed. *McFadden* v. *A. B. Richards Medicine Co.,* 170 Ark. 1011, 282 S. W. 353; nor may a motion for a new trial be used as a substitute for a bill of exceptions. *Sneed* v. *State,* 159 Ark. 65, 255 S. W. 895.

The record here shows that the verdict was returned September 14, 1951. The motion for a new trial was made and promptly presented, considered, and overruled. The defendant excepted and was granted an appeal. The judgment is dated September 14. Jurisdiction on appeal

was acquired November 9 (Rule 5-a) when a certified copy of the judgment was filed. The Clerk of this Court issued a writ of *certiorari* to bring up the record. The Circuit Clerk's return shows that a transcript was prepared and delivered to appellant's attorney November 8, 1951. The Circuit Clerk, therefore, was unable to forward to this Court the transcript procured for appellant and presumptively retained for satisfactory reasons.

Judgment affirmed.