## WILKERSON *v.* EADS.

Opinion delivered January 16, 1911.

1.  ADMINISTRATION—ACTION—SUFFICIENCY OF COMPLAINT.—In a suit against the administrator of the maker of a note, a complaint which alleges that since the execution of the note such maker has died, and that defendant has been duly appointed administrator of his estate, is not demurrable for failure to show that defendant is a domestic administrator or that he was still acting as administrator at the time that the action was commenced. (Page 298.)

2.  APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Objection cannot be raised on appeal for the first time that there is a variance between the complaint and writ of summons in that the complaint is against defendant as administrator, etc., while the writ is directed against defendant, administrator, etc. (Page 298.)

3.  WRIT AND PROCESS—CLERICAL ERROR IN RETURN.—Where an action was commenced on October 2, 1909, and the summons bears that date, but the return shows service on September 4, 1909, the clerical error in the return will not invalidate a decree by default. (Page 299.)

4.  ADMINISTRATION—AUTHENTICATION OF CLAIM.—Where the complaint in an action against an administrator shows that a sum named was the only payment which had been made on the note sued on, and that a designated sum was due thereon after allowing all just credits, and the plaintiff's affidavit states that "the facts set forth in the foregoing complaint are true," this is a substantial compliance with Kirby's Digest, § 114, providing that such affidavit shall state "that nothing has been paid or delivered toward the demand except what is credited thereon, and that the sum demanded, naming it, is justly due." (Page 299.)

5.  SAME—AUTHENTICATING AFFIDAVIT—PRESENTATION TO ADMINISTRATOR.—The affidavit required by Kirby's Digest, § 114, to be appended to a demand against any estate is a prerequisite to the right of action, but it need not be exhibited to the administrator, though, if not exhibited and the suit is not controverted, the claimant cannot recover costs. (Page 300.)

Appeal from Columbia Chancery Court; *J. M. Baker,* Chancellor; affirmed with modification.

*Stevens & Stevens,* for appellant.

1. The summons served on appellant was against him personally, and not in his representative capacity. The word "administrator" following his name is only a personal description of the party sued. 1 Ark. 232; Kirby's Dig., § 6034; 25 Ark. 9, 10.

ARK.]                    WILKERSON *v.* EADS.                    297

2. The return does not show service in the suit in which judgment was rendered. A return on a summons issued October 9, 1909, showing service on September 4, 1909, is not a sufficient return upon which to base a judgment by default. Kirby's Dig., § § 6042, 6043; 81 S. W. 1044; 27 S. W. 955; 34 S. W. 380; 71 S. W. 395; 111 S. W. 787; 6 Am. & Eng. Enc. Pl. & Pr. 240; Fletcher Eq. Pl. & Pr. 132.

3. The mere allegation of the appointment of appellant as the administrator of the estate of John Wilkerson, deceased, was not sufficient to state a cause of action, unless it further alleged that he was appointed by a court of this State. 56 Ark. 306; 8 Am. & Eng. Enc. of Pl. & Pr. 683; 3 Current Law, 1301, § 10, ¶ 1. The complaint should allege an affidavit of the justness of the demand made before bringing the suit, or it should have had such an affidavit attached to the demand. Kirby's Dig., § § 114, 115; 30 Ark. 756; 48 Ark. 361; 66 Ark. 330.

4. There having been no presentment of the claim before bringing the suit, it was error to tax the cost against the representative of the estate. Kirby's Dig., § 120; 25 Ark. 10, 11; 82 Ark. 591-2.

*C. W. McKay,* for appellee.

1. Where the party sued in his representative capacity is described "administrator" without the word "as" preceding it, it will not be taken as merely descriptive, if the complaint contains averments showing that he is sued in his representative capacity, and not personally. 18 Cyc. 982; 2 Ark. 485. And where this is shown it is not necessary to set forth facts to show that he has authority to act in that capacity. 18 Cyc. 986. Objections of this nature should have been by way of motion in the lower court. 59 Ark. 215.

2. The summons was sufficient to put appellant on notice that the estate of John Wilkerson, deceased, was being sued. The clerical error of the sheriff as to date of service did not invalidate the return, and was corrected by the court's finding that he had been duly served.

3. If the plaintiff failed to produce an affidavit of the justness and nonpayment of the claim, made before the commencement of the suit, it was appellant's duty to move to nonsuit

him. Having allowed judgment to go against him by default, this objection was waived. Kirby's Dig., § 119; 7 Ark. 78.

4. The right to have the cost adjudged against the plaintiff for failure to present the claim before bringing suit, could have been taken advantage of by appearing in court and asking for such judgment. Failing in this, the right is waived.

McCULLOCH, C. J. Appellees, W. T. Eads and J. L. Davis, instituted this action in the chancery court of Columbia County against the Magnolia Manufacturing Company, a corporation, C. E. Shumaker, E. H. Davies and Will Wilkerson, 'as administrator of the estate of John Wilkerson, deceased, to recover the amount of five promissory notes, and to enforce an alleged lien on standing timber for the purchase price of which the notes were executed to appellees. A default decree was rendered in favor of appellees, from which an appeal is prosecuted by said administrator.

The first point urged against the correctness of the decree is that the complaint fails to state a cause of action against the administrator because it is not alleged whether he is a domestic or a foreign administrator, nor that he was still acting as administrator at the time that the action was commenced. The action is against the administrator as such, and it is alleged in the complaint that "since the execution of said notes John Wilkerson has died, and that Will Wilkerson has been duly appointed administrator of his estate." This is, we think, sufficient, and it would have been a matter of defense to show that he was not administrator under appointment in this State, or that he had ceased to be the administrator when the action was commenced.

The next point made is that the writ commanded the officer to summon "Will Wilkerson, administrator of the estate of John Wilkerson, deceased," which was in effect a summons to him personally, and not in his representative capacity. This defect is only technical. The complaint shows plainly that Wilkerson was sued in his representative capacity, and the summons should have corresponded with the complaint. The service of the writ was sufficient to bring Wilkerson into court, and as the writ could have been amended so as to conform to the complaint, objection to it cannot be made for the first time on appeal. *Tex-*

*arkana Gas & Electric Light Co.* v. *Orr,* 59 Ark. 215; *Sabin* v. *Hamilton,* 2 Ark. 485.

Another objection is that the sheriff's return on the writ shows service on an impossible date. The action was commenced on October 2, 1909, and the writ bears that date; but the return shows service on September 4, 1909. The writ was returned to the October term, 1909, of the court, which commenced on the 4th Monday in October, at which term the decree was rendered. As the writ was served after its issuance on October 2, and before court convened, it must have been served on October 4, the error in the date being clerical. But it does not affect the validity of the decree. Nor is there anything in the contention that the sheriff's return fails to show that a copy of the complaint was delivered to each of the defendants.

It is insisted next that a judgment of nonsuit should have been entered against appellees because of their failure to authenticate their claims in the manner provided by statute. Kirby's Digest, § 114. The statute, which is applicable to actions according to the forms of the common law against the estates of deceased persons, as well as to presentations in the probate court of claims against such estates, reads as follows: "Sec. 119. If the affidavit required for authenticating claims against deceased persons be not produced in an action against an executor or administrator for a debt against the deceased, the court shall, on motion, enter a judgment of nonsuit against the plaintiff; and the affidavit must appear to have been made prior to the commencement of the action."

We find, however, on examination of the complaint and the affidavit attached thereto, that it conforms substantially to the requirements of the statute. It is alleged in the complaint that he sum of $539.40 was the only payment which had been made on said note, and that the sum of $4,865.75 was due on said note after allowing all just credits, "which amount the defendants have wholly failed to pay." The affidavit of appellee J. L. Davis, attached to the complaint, states "that the facts set forth in the foregoing complaint are true." The verification is not merely on belief of the affiant, as is required by statute for verification in ordinary pleadings in civil actions, but the affidavit is absolute as to the truth of the allegations of the com-

plaint. This is a substantial compliance with the statute. *Eddy* v. *Loyd,* 90 Ark. 340.

The affidavit is a prerequisite to the right of action, but not an exhibition to the administrator, though, if not exhibited and the suit is not controverted, the claimant cannot recover costs. Kirby's Digest, § 120; *Saunders* v. *Rudd,* 21 Ark. 519. It was error in this case for the court to render judgment for costs against the administrator. The record contains no evidence, either on the face of the complaint or otherwise, of exhibition of the claim to the administrator, and we cannot presume on appeal that the court received evidence of such exhibition.

The decree is therefore modified so as to strike out the award of costs against the administrator; but in all other respects the decree is affirmed.