LITTLE *v*. ARKANSAS TRUST & BANKING COMPANY.

Opinion delivered June 19, 1916.

1.  ADMINISTRATION—WILL—APPOINTMENT OF TRUSTEES—PROBATE— STATUTE OF NONCLAIM.—Under deceased's will, certain parties were designated as trustees with power to discharge debts and distribute the estate. Letters of administration, however, were issued and a notice to creditors was published; *held*, thereupon, the statute of non-claim was set in motion, and continued to run against claims not probated as required by law, and the running of the statute would not be tolled by any proceedings before the trustees, for settlement under the powers granted them.

2.  ADMINISTRATION—PRESENTATION OF CLAIM TO ADMINISTRATRIX.— *Held*, a claim was presented to the administratrix of the deceased debtor's estate within one year of the date of her letters, and that the claim was not barred by the statute of nonclaim.

Appeal from Miller Circuit Court; *Geo R. Haynie*, Judge; affirmed.

*Webber & Webber*, for appellant.

1.  The trustees had no standing under the law to administer the estate. Kirby's Digest, § § 1-12, 25, 54; 39 Cyc. 249, *et seq.*

2.  If the trustees had any authority with respect to claims against the estate, they never exercised it. 39 Cyc. 307.

3.   Whatever authority the trustees had was super-seded by the appointment of the administratrix.  18 Cyc. 58; 89 Ark. 553; Act No. 438, Acts 1907.

4.   Knowledge of the administratrix of the bank's claim did not dispense with the necessity of exhibiting the claim properly authenticated.  97 Ark. 546.

5.   Part payment of the bank's claim by the trustees did not waive the formalities required by law, 65 Ark. 1.

6.   The claim was barred by the statute of non-claim. Kirby's Digest, § 113; Acts 1907, Act 438; 73 Ark. 45; 80 *Id.* 107, 524; 84 *Id.* 238; 92 *Id.* 522; 94 *Id.* 60; 97 *Id.* 492; 97 *Id.* 546; 112 *Id.* 615.

7.   The bank is estopped to question the appoint-ment of the administratrix.  The attack was collateral. 46 Ark. 453, 466-7; 86 *Id.* 186; 84 *Id.* 32; 83 *Id.* 417; 64 *Id.* 213; 46 *Id.* 373; 90 *Id.* 439; 16 Cyc. 801.

*A. D. Dulaney,* for appellee.

1.   The findings of the court are amply supported by the evidence.  The claim was duly authenticated, pre-sented to and allowed by the trustees.  This arrested the statute of non-claim.  21 Ark. 474; 29 *Id.* 243; 18 Cyc. 474; 124 Ala. 529; 4 *Id.* 493; 24 Cal. 490; 29 Fla. 285; 8 Tex. 235; 64 Miss. 340; 64 Ala. 438; 45 Miss. 424; Hill on Trustees, 516-541; 66 Ark. 331; 18 Cyc. 454.

2.   The will created an express trust with absolute power over the entire estate and to adjust and allow any and all claims.  145 Wisc. 401; 136 N. W. 956; 137 N. W. 778; 133 Wis. 445; 113 N. W. 644; 118 Wis. 409; 62 L. R. A. 986; Am. Cas. 1914, C. 376.  The appointment of administratrix did not supersede their powers.

3.   The appointment of Mrs. Byrne was a mere for-mality.  She had no legal power or authority—really her appointment was void.  Kirby's Digest, § § 13, 6298; 41 Ark. 165; 8 Cranch. 9; 14 Peters, 33; 18 Cyc. 328.

4.   Plea of limitation is not favored.  22 Ark. 290; 18 Cyc. 424; 108 Ark. 80.

SMITH., J.   Judge L. A. Byrne died on March 4, 1914, leaving a will in which he designated W. H. Arnold, W. R. Grim and the Arkansas Trust & Banking Company as Trustees with authority and instructions to discharge his debts and distribute his estate to the various devisees and legatees therein named.   The will was admitted to probate a few days after his death, but no letters testamentary issued at the time.   The will devised the property to the trustees named and invested them with plenary power to adjust and audit claims against the estate and to make settlement of them and to finally distribute the residuum.

The language of the will was such that the court was fully warranted in a finding of fact which was made that the will created an express trust and authorized the trustees to allow and pay any claim which they regarded as just against the said estate.

After the will had been duly probated and the trustees had entered upon the discharge of their duties it was found that although the estate was valuable, the indebtedness was large, and that there were forty or fifty persons who had claims against the estate.   The trustees made up a statement of the assets and liabilities, and then decided to have the widow take out letters of administration on the estate for the purpose of examining and allowing claims against the estate.   The petition for the letters of administration recited the fact that the trustees had agreed to accept the trust and would have the control and management of the estate, but it recited that the petitioner would diligently inquire into and examine into the merits of all claims presented and would allow or disallow them according to their respective merits and would follow the requirements of the law in relation thereto if letters were issued.   The petitioner prayed that inasmuch as she would have no duty or responsibility in connection with the estate except to pass upon the claims that she be not required to give bond, and it was further recited that the creditors had assented to

this arrangement.  Pursuant to this petition letters of administration issued to Mrs. Byrne on April 21, 1914, and she caused a creditor's notice to be published on May 4, 1914.

A meeting of the trustees was held before the issuance of letters, at which meeting a Mr. Johnson, who was the president of the Trust Company, was present. Under the will he was named a trustee, as president of the Trust Company.  Judge Byrne was a large stockholder in the Trust Company at the time of his death, and this company was his largest creditor, and the principal part of the indebtedness was represented by his notes payable to its order.

At one of the first meetings of the trustees Mr. Johnson produced and exhibited to his associates the originals of these notes for allowance, when Mr. Arnold stated to him, "You will have to prove up your claim." Thereafter Mr. Johnson caused the secretary and treasurer of the Trust Company to make out and authenticate a statement of the claim.  This was delivered to Mr. Johnson and by him personally mailed to Mr. Arnold.  Mr. Johnson testified that lists of these claims were made out and the Trust Company's claim was included in the list and was on the desk with the others, and that he discussed the claim with Mrs. Byrne in 1914, and its justness was not questioned.  He further testified that in July or August of that year Mrs. Byrne applied to his bank for a loan and explained to him that she had been unable to get any money out of the estate; but when he explained that he already had a large claim against the estate upon which nothing had been paid she said, "That is true, but your claim has been allowed; you will get your money because the claim has been allowed." Mrs. Byrne denied that this conversation occurred.

A Mr. Barney testified that he was employed in Mr. Arnold's office and that a list of the claims was prepared and that this list was checked from the claims in the office, and the list so checked included appellee's claim,

and that on several occasions Mrs. Byrne had gone over the claims presented to Mr. Arnold in his presence, and this witness also testified that when it was discovered that the appellee's claim did not appear on the records in the probate clerk's office he called Mrs. Byrne over the telephone and asked her if the claim had not been recognized by her, and was told that it had been.

The trustees finally found that it would be impossible to execute the mandates of the will, whereupon they prepared an elaborate report of their proceedings and filed it with the clerk of the probate court on the 15th day of September, 1914. This report contained the list of all claims which had been approved by them, and included that of appellee. The trustees resigned on the day their report was filed, and Mrs. Byrne resigned as administratrix at the same time, whereupon appellant Little was appointed administrator, and has since continued to act in that capacity. Thereafter letters were written by Little to appellee on March 23 and April 9, 1915, in which appellee's demand was recognized as a valid one.

There is an agreed statement in the record to the effect that none of the claims filed and allowed in the probate court bear any endorsement showing that they were exhibited to and allowed by the trustees, but that all claims filed in the court prior to the resignation of said trustees bore the following endorsement: ''Presented, examined and allowed by Lulie H. Byrne, as administratrix of the estate.''

Mrs. Byrne denied that the claim had been presented to or allowed by her. She admitted, however, that she had conferred with Mr. Arnold about the claims and had gone over them with him at his office, and she admitted that she saw the claim of appellee on the list.

Mr. Arnold testified that he and the testator had long been friends, and that Mr. Byrne had spoken to him about the will before his death. Mr. Arnold further testified that although he was not employed as Mrs. Byrne's attorney, he had advised with her about the estate, and

the evidence makes it plain that while he was not acting
as attorney for the administratrix in the sense that he
would have had the right to charge a fee for his services,
it also appears that he was acting in this capacity as a
friend in connection with his duties as trustee. He tes-
tified that Mrs. Byrne, as administratrix, passed upon
and allowed or disallowed all of the claims which were
filed in the probate court, and while he does not testify
specifically that she allowed appellee's claim, he does tes-
tify that this claim appeared on all the lists of claims
which were ever prepared, and that he thought this claim
had been filed with the probate court and that he would
have declared it to be a positive fact that it had been so
filed but for the fact that it was not on the clerk's docket
with the other claims. All of the claims, however, were
docketed except that of appellee and the claim of a Doc-
tor Webster.

The court made a number of findings of fact and dec-
larations of law, all of which were favorable to appellee's
contention, and these various findings are discussed in
the briefs, and counsel for appellee insists the judgment
of the court below should be affirmed upon each of these
findings. Among other findings made by the court, is
one that the claim was not barred by the statute of non-
claim, and as we think the evidence supports this finding,
we do not discuss the other questions raised in the briefs.

(1)    It is true that creditors might have proceeded
under the will for the satisfaction of their debts, but they
were not required to do so. They were entitled, upon a
proper showing, to have the estate administered upon,
whereby their demands might be probated in the manner
required by law. Here it is admitted letters of adminis-
tration issued and a notice to creditors was published.
Thereupon the statute of nonclaim was set in motion, and
having been set in motion it continued to run against
claims not probated as required by law, and the running
of the statute would not be tolled by any proceedings be-
fore the trustees for settlement under the powers granted

them. Does the evidence support the findings that appellee's claim was not thereafter barred by this statute?

(2)  Section 113 of Kirby's Digest provides the manner in which a claim may be exhibited to an administrator.  It reads as follows:

"Sec. 113. Any person may exhibit his claim against any estate as follows: If the demand be founded on a judgment, note or written contract, by delivering to the executor or administrator a copy of such instrument, with the assignment and credits thereon, if any, exhibiting the original, and if the demand be founded on an account, by delivering a copy thereof, setting forth each item distinctly and the credits thereon, if any."

Section 114 provides for the verification of the demand.

And the provisions of these sections have been held to be mandatory.

A late case in which this subject was discussed is that of *Davenport* v. *Davenport,* 110 Ark. 222, and while it was again said in that case that the provisions of the statute in regard to the probate of claims against an estate were mandatory, yet it was said that a substantial compliance with their requirements was sufficient.

Here the proof shows without question that this demand was authenticated and was sent by Mr. Johnson to Mr. Arnold, and was received by Mr. Arnold long before the statute of nonclaim had run.

But does the evidence also show its presentation to the administratrix?  We think the evidence warrants the finding that it was.  It would put form above substance to hold otherwise.  The claim was in the hands of Mr. Arnold, who was not only a trustee of the estate, but was, in effect, the attorney for the administratrix, and while she may never have had manual possession of this demand, it was there in her presence.  It was among the other demands which had been exhibited to her and which bore an endorsement complying fully with the requirements of the statute.  The demand was listed along with

other demands, and these lists were checked with the demands themselves, and Mrs. Byrne admits that she saw these lists. And we are constrained to hold that this proof is sufficient to show the exhibition of the claim to her.

We are not called upon to decide that the provisions of section 113 of Kirby's Digest may be complied with by the presentation of a claim to the attorney for an administrator. Such service may not be sufficient. But we think this proof shows a delivery in fact to her.

It may be said that the proof does not show that the claim was filed with the clerk. But it is not essential to support the finding of the court below that it should be so found. The statute does not require the filing of the claim with the clerk of the probate court within a year from the date of the publication of the notice to creditors. It is sufficient if the presentation is made to the administrator within one year of the date of his letters, and that having been done in this case the judgment of the court below will be affirmed.

SMITH, J., (on rehearing). It is urged by appellant in her motion for a rehearing that the opinion in this case is predicated upon a state of facts not found by the court below. It is pointed out that at appellant's request the court found the fact to be that the claim of appellee was never exhibited to her as administratrix nor allowed by her and was not filed in the probate court of Miller County at any time up to the filing of the petition of appellee asking that its claim be reinstated and allowed.

As has been said, the court made numerous findings and from a study of them we are constrained to believe that the court found that there had been no presentation to the administratrix because in his view of the law the facts set out did not constitute a presentation to the administratrix. It is not contended that the proof shows that the claim was filed with the clerk of the probate court, nor that it was allowed by the administratrix. It is only insisted that there was a presentation to her within

the time allowed by law. The statute of nonclaim was ar-
rested upon its presentation to her, and we think the re-
citals in the court's findings of fact and declarations of
law indicate that the court found a state of facts which
constituted a presentation to the administratrix.    The
court expressly refused to make the following finding:

"5.    That the said Arkansas Trust & Banking Com-
pany failed to exhibit its claim in the manner prescribed
by law to either Mrs. Lulie H. Byrne, as administratrix,
or A. B. Little, as administrator, within one year from
the date that letters of administration issued on said es-
tate, and for that reason its claim is barred by the stat-
ute of nonclaim."

The court made the following finding:

"5.    That said claim, so presented (to Grimm, Ar-
nold and the president of the trust company, as execu-
tors), has been lost or mislaid and should be restored,
filed and allowed; that the amount thereof on September
14, 1915, the date of the filing of the petition in the pro-
bate court was $5,487.03, which should be allowed, with
interest on the same at the rate of 10 per cent. per annum
from that date and marshalled in the fourth class, and
that a copy of the judgment herein should be certified to
the probate court of Miller County, Arkansas, in accord-
ance with law."

The court further found that these executors had ad-
vised and procured the appointment of Mrs. Byrne as
administratrix of said estate for the purpose of examin-
ing and allowing claims against the estate.    There is no
intimation of any conflict of authority, or of decision,
upon any claim between the executors and the adminis-
tratrix.    They co-operated in every respect.    This claim
was admittedly in the hands of the executors and was
checked off as being in the allowed claims, of which fact
the administratrix was advised, and although the court
found the claim had not been manually presented to her,
yet the facts set out constitute a presentation, and the mo-
tion for a rehearing will be overruled.