WILLARD *v.* WILLARD.

Opinion delivered May 20, 1918.

DIVORCE—WARNING ORDER—AFFIDAVIT.—In an action for divorce, plaintiff stated in her complaint that defendant was a nonresident of the State of Arkansas but was then a resident of a certain city in Missouri. The affidavit for a warning order stated that defendant was a nonresident of the State of Arkansas. *Held,* the affidavit was sufficient under act of 1915, page 1081, section 4; that act requires the plaintiff to make diligent inquiry for the defendant, but diligent inquiry is not necessary where the defendant is a nonresident and the plaintiff knows his whereabouts.

Appeal from Marion Chancery Court; *Ben F. Mc-Mahan,* Chancellor; reversed.

*J. C. Floyd* and *Williams & Seawel,* for appellant.

1. The affidavit was sufficient for a warning order. Kirby's Dig. § 6055; 47 Ark. 48; 194 S. W. 1025. The affidavit was a substantial compliance with the law.

2. Plaintiff should have been allowed to amend the affidavit, if deemed insufficient. Kirby's Digest, § 6145, 345; 34 Ark. 44; 33 *Id.* 406; 47 *Id.* 31, 49; 34 *Id.* 682; 32 *Id.* 406; *Ib.* 278.

*J. H. Black,* for appellee.

1. The affidavit was not sufficient. Kirby's Digest, § 6055; 194 S. W. 1026; 37 L. R. A. (N. S.) 206, 211; 136 Pac. 720; 92 N. E. 266; 91 *Id.* 781.

2. The court properly held that plaintiff could not amend her affidavit. There is no provision for amending a defective warning order. The cases cited by appellant are not in point.

SMITH, J. Appellant, who was the plaintiff below, alleged in her complaint the existence of statutory grounds for a divorce. The complaint also alleged that "defendant is now a non-resident of the State of Arkansas, his postoffice address being West Plains, Missouri." There was an affidavit for a warning order, in which it was stated that the defendant was a non-resident of the State of Arkansas. A motion to quash the warning order and proof of publication was filed which, for

cause stated "that the affidavit of the plaintiff upon which the warning order is based is insufficient in that it states that the defendant is a non-resident of the State, when, under the new practice act of March 30, 1915, the statute specifies that the plaintiff shall state in his affidavit that he has made diligent inquiry and from the best of his information and belief the defendant is a non-resident of the State."

The court declared the law to be that the affidavit for the warning order did not substantially conform to the requirements of section 4 of Act No. 290 of the Acts of the General Assembly of 1915 (Acts 1915, p. 1081) and dismissed the complaint, when plaintiff elected to stand upon the affidavit made.

This act amends section 6055 of Kirby's Digest to read as follows: "Where it appears by the affidavit of the plaintiff filed in the clerk's office at or after the commencement of the action that he had made diligent inquiry and that it is his information and belief that the defendant is * * * (2nd) a non-resident of this State; (3rd) * * *; (4th) * * *; (5th) * * *; (6th) * * *; or where either of the last two mentioned facts is stated in the return by the proper officer of a summons against the defendant, the clerk shall make and file with the papers in the case an order warning such defendant to appear in the action within thirty days from the time of making the order."

Prior to the passage of this act one could not procure the issuance of a warning order as substituted service against a non-resident unless an affidavit were filed that the party so sued was in fact a non-resident. This statute had been construed as requiring an affirmative, positive recital of non-residence. It could not have been made upon information or belief, however trustworthy such information may have appeared to be. But the act in question has made it possible to secure such service where one has made diligent inquiry which results in the information and belief that the defendant is a non-resident of the State, and where an affidavit to that effect

is made it is now possible to procure the issuance of a warning order; whereas before the passage of the act it would have been possible to do so in the event only of a positive and affirmative allegation that the defendant was a non-resident.

In the case of *Bauer* v. *Brown,* 129 Ark. 129, it was said: ''The purpose of amending section 6055 of Kirby's Digest was to require plaintiffs, before making an affidavit as to the non-residence of the defendant, to make a diligent inquiry to such an extent that he can say upon information and belief that the defendant is a non-resident of the State. Section 6055 of Kirby's Digest did not require a diligent inquiry as to the whereabouts of the defendant, and the practice grew up of swearing to the affidavit more as a matter of form than as a matter of fact. Under the amendment to that section, one can not make an affidavit that will support a warning order until he has first made a diligent inquiry as to the whereabouts of the defendant. It is contended that Fred Brown is an honest negro and acted upon the advice of white friends in procuring service in his divorce suit. This can avail him nothing. That statutes providing for constructive service must be complied with, is conceded by learned counsel for appellants. This court is of opinion that the requirements of such statutes can not be avoided through the advice of others. A plaintiff can no longer guess as to the whereabouts of the defendant and procure a warning order upon the formal affidavit based on the guess. Before making the affidavit he must make diligent inquiry as to the whereabouts of the defendant and must gain information upon which he can base an honest belief that the defendant is a non-resident. Anything less than this will amount to a fraud in procuring the judgment, unless it develops that the defendant was at the time a non-resident of the State.''

But the language of that opinion must be considered in connection with the facts there recited. That was a proceeding to set aside a decree of divorce upon the ground that fraud had been practiced upon the court in

procuring the decree for divorce. Service had been had by the publication of a warning order, the issuance of which was procured by an affidavit in which affiant recited "that he had made inquiry and to the best of his information appellee (the defendant) was a non-resident of the State." The testimony showed that affiant had not made diligent inquiry to ascertain the whereabouts of the defendant and that the statement to that effect was false, and it was further shown that the defendant was not a non-resident of the State of Arkansas. The trial court held that a fraud had been practiced upon it in procuring the decree and vacated it, and that action was affirmed by this court. The point there decided was that a fraud had in fact been practiced upon the trial court for the reason that the affidavit made to procure the issuance of the warning order was in fact false in that diligent inquiry had not been made to ascertain the whereabouts of the defendant.

Many States appear to have provisions in their statutes more or less similar to the act of 1915, *supra,* and the courts of those States, in construing them, appear to have generally held that an affidavit for a warning order is insufficient which does not recite the facts alleged to constitute diligence in ascertaining the whereabouts of the defendant. Those cases say the affiant can not by his affidavit decide whether he has exercised diligence and that it does not suffice that he state the ultimate fact that he has exercised diligence, but that the affidavit must state the probative facts showing the diligence used rather than the ultimate fact that diligence has been used. See note to the case of *Grigsby* v. *Wopschall,* 37 L. R. A. (N. S.) 210. But that is not the point here involved. The suit in the instant case is not brought against one whose whereabouts are unknown and there was no attempt to procure the issuance of a warning order upon the ground that after diligent inquiry had been made the affiant has obtained information and honestly believes that the defendant was a non-resident of the State; and we need not, therefore, here decide whether under a case present-

ing those facts we would construe our statute as similar statutes have been construed in other States.

It will be observed that in the case of *Bauer* v. *Brown, supra,* the defendant was not in fact a non-resident of the State, and we there said that the affiant had no right to make an affidavit as a matter of form rather than as a matter of fact, and that he could not guess as to the whereabouts of the defendant and procure a warning order upon a formal affidavit based on the guess, and so say we here. It would be a fraud upon the court here, as it was there, for an affiant to make a false affidavit to procure the issuance of a warning order; but it would be no more a fraud to allege that he had made diligent inquiry when he had not done so than it would be to allege that the defendant was a non-resident when such was not the case. The affidavit must recite the truth so far as the truth is known, and if the affiant does not know the facts he must make diligent effort to ascertain them and he can not then make it unless this effort results in the acquisition of information which leads to an honest belief in the truth of the facts stated in the affidavit. But if the affiant possesses positive, definite and certain information of the truth of the matter alleged, it would be a work of supererogation to require him to make inquiry about a fact already known, and we think the act set out above was not intended to deprive the affiant of the right to make an affidavit, the truth of which rests upon his own knowledge. He need not inquire to ascertain the truth of a fact which he already knows, and, so far from it being any part of the legislative intent to deprive an affiant of the right to make an affidavit based upon actual knowledge, which he possesses, we think the Legislature intended to permit this affidavit to be made, even though he did not possess personal knowledge upon the subject, provided, as the act states, he shall have first made diligent inquiry which has led to the acquisition of information upon which he bases an honest belief in the fact recited. Prior to this act of 1915 an affidavit based upon diligent inquiry, information and belief was not sufficient. It was essential

that the affidavit for a warning order should affirmatively recite that the defendant was a non-resident of the State. The act liberalizes the law in this respect and makes it possible to secure service of warning orders based upon affidavits made upon diligent inquiry, information and belief as to the residence of the defendant. But, as stated in *Bauer* v. *Brown, supra,* it does not permit the affiant to hazard a guess or to make the affidavit at all, in the absence of personal knowledge, without having made the diligent inquiry required by the statute.

It is not contended here that any fraud was being practiced or attempted upon the court below, as it is not denied that the defendant resided in West Plains, Missouri. We think the affidavit is sufficient, as it unequivocally states the fact to be that the defendant is a non-resident of the State.

We conclude, therefore, that the court erred in quashing the affidavit, and the judgment will, therefore, be reversed and the cause remanded for further proceedings.