## FRIEND *v.* PATTERSON.

Opinion delivered November 28, 1921.

EXECUTORS AND ADMINISTRATORS—PRESENTATION OF CLAIM.—Under Crawford & Moses' Digest, § 100, one having a claim based upon a written contract must present a copy of such contract, together with the original, to the executor or administrator, before the claimant can have judgment in the probate court.

Appeal from Mississippi Circuit Court, Osceola District; *R. H. Dudley*, Judge; reversed.

*W. J. Lamb* and *Joe Rhodes, Jr.*, for appellant.

The instrument sued on is not a will under the law of Arkansas, because not executed and witnessed as prescribed by law, and never probated. Neither is it a promissory note.

The claim was not probated within the time prescribed by law. The only pretense that the claim was filed within a year is the testimony of Hammons to the effect that he mailed such claim to the administrator, but he admits that he addressed the letter to the wrong postoffice. A demand of such claim by mail presupposes a proper postoffice address (133 Pac. 975, 49 L. R. A. [N. S.] 458) including a street address, if any (26 S. W. 280; 174 Fed. 293) and prepayment of postage.

The mailing of a letter properly creates a presumption of it receipt by the addressee, but this presumption may be rebutted. 93 Ark. 259; 72 Ark. 305. Mr. Friend denied receiving the first letter sent him, and if there be a *prima facie* case it was overthrown by such denial. 64 Pac. 117.

The law does not contemplate the presentation of a claim by mail unless the original be enclosed or presented to the administrator in some way for his inspection. C. & M. Dig., § 100. This was not done.

*L. E. Hammons* and *Driver & Simpson* for appellee.

The instrument sued on is a direction to the legal representative of the maker to pay to appellee $1000 for an expressed consideration. The same sort of instrument was held valid by this court in 99 Ark. 523. See also 99 Ark. 527; 42 L. R. A. 802 and 2 A. L. R. 1469, 176 Pac. 37.

A positive denial by the appellant that he received the claim which was properly mailed to him within the statutory time would not be sufficient, as a matter of law, to nullify the presumption of its receipt. Such testimony leaves the matter a question for determination by the jury. 98 Ark. 392; 127 Ark. 499. The same rule would apply to finding by the court.

WOOD, J. This is an action by the appellee against the appellant as administrator of the estate of R. W. Friend, deceased, on the following order:

"Pecan Point, Ark.

"April 23, 1914.

"I hereby direct the executor of my will to pay to Mollie Patterson one thousand dollars after my death for her faithful servitude and kindness to me during my sickness.

(Signed    "R. W. FRIEND."

To the order was attached the affidavit of the appellee authenticating the claim. The order was presented to the probate court for allowance, and the cause was appealed to the circuit court. The circuit court rendered a judgment in favor of the appellee against the appellant, from which is this appeal.

Several interesting questions are presented by this appeal; but it is only necessary to consider one. The appellee does not prove that the original order, which is the foundation of the action, was ever exhibited to the administrator, C. W. Friend. She does show that a copy of the order, with the attached affidavit duly authenticating the same, were enclosed in a letter addressed to C. W. Friend, the administrator, at Pecan Point, Arkansas, which letter was duly stamped and mailed on March 15, 1919. The appellant denies receiving this letter, but it was a question of fact as to whether he did receive it, and the court would not disturb the finding of the trial court on that issue. However, the failure of the appellee to exhibit the original order to the administrator of the estate of R. W. Friend, deceased, bars her right to recover thereon.

Sec. 100, C. & M. Digest, provides: "Any person may exhibit his claim against any estate as follows: If the demand be founded on a judgment, note or written contract, by delivering to the executor or administrator a copy of such instrument with the assignment and credits thereon, if any, exhibiting the original, and if the demand be founded on an account, by delivering a copy thereof, setting forth each item distinctly and the credits thereof, if any." This provision of the statute

requiring the original to be exhibited to the administrator is mandatory. If a non-resident claimant, or a non-resident lawyer of such claimant, wishes to present a claim, he must enclose the original along with the copy of the instrument in the letter to the administrator or executor, or he must exhibit the same to the administrator in person or by some one whom he has duly authorized to do so.

The statute conserves a wise purpose, inasmuch as it was intended to prevent possible mistakes, frauds, or forgeries, by giving to the executor or administrator the opportunity to examine the original instrument which is the basis of claim before approving or rejecting it. As we have said, it must be complied with before the claimant can have judgment in his favor allowing the claim against an estate in the probate court. The judgment of the circuit court is therefore reversed, and the cause will be dismissed.