MISSOURI PACIFIC RAILROAD COMPANY *v.* KENNEDY.

Opinion delivered April 3, 1922.

1. CARRIERS—RIGHT OF PASSENGER TO RELY ON BRAKEMAN'S STATEMENT.—A passenger, temporarily alighting from a railroad train at an intermediate station, was entitled to rely upon information as to prospective movements of the train given him by the brakeman based on the custom of such train.

2. CARRIERS—RELATION OF PASSENGER—TERMINATION.—A passenger, by leaving a railroad train temporarily for a purpose not connected with his trip, does not lose his character as such passenger.

3. CARRIERS—BOARDING TRAIN IN MOTION—CONTRIBUTORY NEGLIGENCE.—A passenger who has temporarily left his train at an

intermediate station is not guilty of contributory negligence as matter of law in attempting to board the train while it is moving slowly.

4. TRIAL—SEPARATE INSTRUCTIONS.—In a personal injury action, it is not error to instruct the jury separately as to the elements of damage and the effect of contributory negligence, provided the instructions, when read together, properly state the law, but the better practice is to include both in a single instruction.

5. CARRIERS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.— In an action by a passenger against a railroad company for personal injuries resulting from the operation of one of its trains, contributory negligence of such passenger does not defeat recovery but merely reduces damages unless such contributory negligence is equal to or greater than the negligence of the company or its employees.

Appeal from Ashley Circuit Court, *Turner Butler*, Judge; affirmed.

*E. B. Kinsworthy, B. S. Kinsworthy,* for appellant.

Appellee had no primary right to board the moving train and was guilty of contributory negligence in doing so. 179 S. W. 417, L. R. A. 1916-B, 830; 116 Iowa 279, 90 N. W. 59; 86 Ark. 325. The failure to stop a train at the usual place will not justify a person in trying to board it while in motion. 118 Ga. 259, 45 S. E. 268; 67 Miss. 601, 7 Sou. 401; 108 N. C. 34, 12 S. E. 958; 51 Tex. 189; 10 C. J. p. 1104-5, p. 1488; White, Pers. Inj. on Railroads, § 783, p. 1176. There was no invitation on the part of any servant of the company for appellee to board the moving train, which might in some measure  tend to relieve him from negligence. 45 Ark. 256; 10 C. J. p. 1105, par. 1488; 86 Ark. 325; 99 Ark. 248; 108 Ark. 292; 122 Ark. 429.

Appellant's instruction No. 14 declared the law with reference to a person boarding a moving train without invitation to do so by a servant of the company, and should have been given. 84 App. Div. 414, 82 N. Y. S. 307; 36 Fed. 879; 133 Ill. A. 503; 77 Ill. A. 66; 210 Pa. 363, 2 Ann. Cas. 938, note.

Persons who voluntarily put themselves in places of danger assume the risk. 86 Ark. 325; 99 Ark. 248; 129 Ark. 257; 128 Fed. 540; 90 Ill. 586; 87 N. J. L. 284; 141 N. W. 353; 31 S. D. 512. Appellant's instruction No. 4, refused, covered this question.

Appellant's refused instruction No. 11 would have told the jury to find for appellant if the employees of defendant did not see appellee in a dangerous position, or know that he intended to board the moving train. This is the law. 179 S. W. 417; L. R. A. 1916-B 830; 59 Ill. App. 620; 139 Mass. 238; 31 K. L. Rep. 679.

Appellant's instruction No. 8 on the question of negligence should have been given. 210 Pa. St. 263.

It was error to give instruction No. C asked by appellee on the question of custom of stopping the caboose at the station, since no custom was established by the evidence. 112 Ark. 446. Appellant's requested instruction No. 5 as to the obligation of the company to stop at a designated place, in the absence of passengers, should have been given. 143 Ark. 135.

*Compere & Compere,* for appellee.

Lundell was a regular station, and from information and presumption appellee thought the train would stop there. 66 Ark. 543; 135 Ark. 546.

Instructions B and E, taken together, properly stated the measure of damages. 233 S. W. 683.

Appellee did not lose his rights as a passenger when he got off the train. 82 Ark. 393; 88 Ark. 225; 10 C. J. 628, sec. 1051.

It is not negligence *per se* to board a moving train. 86 Ark. 325; 101 Ark. 128.

SMITH, J. Appellee became a passenger on one of appellant's local freight trains at the town of Ferguson, with a ticket to the town of Mellwood. When the train arrived at the intervening station of Lundell, it stopped with the caboose some distance from the station platform. Lundell was a small station at which no depot

was maintained, but tickets were sold there, and a passenger train each way each day stopped there regularly. Another passenger train stopped there when flagged. Appellee left the train at Lundell and went to a store of a customer, to whom he sold goods. This store was near the railroad and just off the right-of-way. Before leaving the train, appellee asked the brakeman if the train would stop a second time with the caboose at the station platform, and the brakeman answered that it would. There was also testimony that it was the custom to stop the train with the caboose opposite the platform before the train pulled out of the station. The members of the train crew testified, however, that there was no such custom except when there were passengers to be received or discharged, and that on the occasion in question there was no passenger to or from Lundell, and the conductor testified that, before giving the signal for the train to pull out of Lundell, he looked and saw that there was no one standing at the platform to take passage on the train. Appellee admits that he was not standing at the platform when the train was set in motion, but he reached the platform before the caboose passed that point, and the train did not stop as appellee had been told it would do. Appellee had some grips and other baggage in the caboose, and when it came by him he undertook to swing on at the rear steps of the caboose, but his hand slipped and he fell and broke his arm and sustained other injuries, to compensate which he brought this suit and was awarded damages in the sum of $500, from which is this appeal.

Appellee was a commercial traveler, and testified that Lundell was in his territory, and that for a period of six years and a half he had been making that point, and that he generally used this local freight train in doing so, and that it had always been the custom for the train to stop at the platform. There was testimony corroborating appellee, although, as has been said, the testimony on the question of this custom was not undis-

puted, and the brakeman denied having told appellee that the train would stop a second time, and there was testimony also on the part of the railroad company that the brakeman had no authority to make statements in regard to the movement of the train.

Several instructions requested by the railroad company were refused, among which was one for a directed verdict in its favor.   Other instructions were given, however, at the request of both appellee and the railroad company.   We do not set out or discuss all these requested instructions, as we find it unnecessary to do so to announce the law applicable to the issues joined.

The theory on which the cause was submitted clearly appears from an instruction numbered 10 requested by the railroad, and which we do set out.   As requested, this instruction reads as follows:  ''The court instructs you that the uncontradicted evidence in this case shows that the conductor was in charge of the train upon which plaintiff was riding; that he alone had authority to govern the movement of said train, and that the brakeman would not and could not know, without being advised by the conductor, what would be the movement of the train. So the court tells you that the brakeman had no authority to make any statement as to whether the train would or would not stop at Lundell the second time, and that the defendant would not be bound by any statement made by the brakeman, as his statement would simply be a matter of opinion as given by any outsider, and the plaintiff had no right to rely upon any statement made by said brakeman.''   The court struck out the last clause of the instruction reading as follows: ''as his statement would simply be a matter of opinion as given by any outsider, and the plaintiff had no right to rely upon any statement made by said brakeman,'' and, in lieu thereof, added the following: ''unless the statement of the brakeman was in accord with the custom, if any, of the defendant in stopping their trains at Lundell.''

It thus appears that the court accepted the view of appellant that appellee had no right to rely on the state-

ment made by the brakeman in regard to the movement of the train unless his statement conformed to the customs of the railroad.

We think no error was committed in modifying the instruction in the manner indicated. Indeed, after its modification, it was still more favorable than appellant was entitled to have it. It is true the brakeman was shown to have no authority to direct the movement of the train except as he received orders to that effect from the conductor. But the brakeman's statement to appellee did not relate to any order in regard to the movement of the train which he (the brakeman) had agreed to give. He merely stated to appellee what the custom was in regard to stopping the train and what would be done that day. The brakeman would have no authority to agree what movement the train would make, but we do not have that question before us. If the brakeman knew under what orders the train would move, or what the custom in regard to its movement was, we see no reason why, when he had imparted this information to a passenger, the passenger might not rely on it. *Simmons* v. *Lusk*, 128 Ark. 336; *Railroad Co.* v. *Adcock*, 52 Ark. 406.

Under the instructions given the jury was required to find that the statement made by the brakeman in regard to the movement of the train accorded with the custom of stopping trains at Lundell, and, as we have said, the railroad company had no right to complain of the law as thus declared. · *K. C. S. R. Co.* v. *Worthington*, 101 Ark. 128; *L. & N. R. R. Co.* v. *Johnson*, 79 Ala. 436; 3 Hutchinson on Carriers, p. 1392; 2 White's Personal Injuries on Railroads, § 686; 2 Rorer on Railroads, p. 1097.

Appellant requested an instruction to the effect that, if appellee left the train for any purpose not connected with his trip, and attempted to board the train after it was set in motion without any invitation so to do from a member of the train crew, the railroad would not be liable. This and other instructions to the same effect were asked, and were properly refused as asked, but they

were so modified as to permit the jury to take into account the alleged custom to stop the caboose at the platform in determining whether appellee had lost his character as a passenger.

We think no error was committed in thus modifying the instructions. It is true appellee was not a passenger for Lundell, but we do not think that the jury should, on that account, have been told that, as a matter of law, appellee had lost his character as a passenger if he got off the train there for any purpose not connected with his trip. We have held that a passenger is not compelled to continuously remain aboard a train until he reaches his destination, and that he may, at regular stopping places, leave the train for refreshments, exercise, or other matters of convenience or necessity, provided he exercise proper care in doing so. *St. L., I. M. & S. R. Co.* v. *Glossup,* 88 Ark. 225; *Ark. Cent. Rd. Co.* v. *Bennett,* 82 Ark. 393; 3 Michie on Carriers, § 2739.

The testimony shows that the train was moving very slowly as it passed the platform where appellee was standing, and the court refused to declare, as a matter of law, that appellee was guilty of contributory negligence in attempting to board the train while it was in motion, but submitted that question to the jury. No error was committed in this respect, as we have repeatedly held that it could not be declared negligence as a matter of law for one to board a train, or to alight from it, while it was passing the place where it should stop, to permit him to board it or alight from it, unless the attending circumstances show so clearly that he acted imprudently that reasonable minds could fairly arrive at no other conclusion, and that otherwise it is a question for a jury to determine whether the attempt to board or leave a train while in motion is one of negligence. *K. C. S. R. Co.* v. *Worthington,* 101 Ark. 128; *St. L., I. M. & S. R. Co.* v. *Rush,* 86 Ark. 325.

At appellant's request the court charged the jury that, if appellant was negligent and appellee was equally negligent, to find for the railroad company. In addi-

tion, the court told the jury that the contributory negligence of a person injured by the operation of a train would not defeat a recovery where the negligence of the person injured was of less degree than that of the employees of the railroad causing the injury complained of, but that in such event the amount of recovery should be diminished in proportion to the contributory negligence. This was instruction "B." But the court gave another instruction designated as "E" and reading as follows: "If the jury find for the plaintiff, they should assess his damages at a sum that will, in their judgment, be a just and fair compensation for the mental and physical pain caused by the injury, and in addition any expense he may have incurred in attempting to effect a cure, as well as any losses sustained by reason of loss of earning capacity on account of said injuries." Objection was made to this instruction upon the ground that it was in conflict with instruction "B" and permitted a recovery to compensate all the damage sustained by appellee, although his own negligence may have contributed to his injury. We think the instructions are not open to this objection when they are read together, as all instructions should be. Instruction "E" told the jury what the elements of damage were, and instruction "B" dealt with the diminution of those damages if there was a finding of contributory negligence, and, when read together, they correctly declare the law. *Central Coal & Coke Co.* v. *Burns*, 149 Ark. 533.

We take occasion, however, to say that a better practice would be to include both directions in a single instruction, to first tell the jury what the elements of damage are, and then to state the effect of contributory negligence if the testimony establishes it.

No prejudicial error appearing, the judgment is affirmed.