BRECKENRIDGE *v* WEBER DRY GOODS COMPANY.

Opinion delivered February 2, 1925.

1. EXECUTORS AND ADMINISTRATORS—SUFFICIENCY OF STATEMENT OF ACCOUNTS.—A statement of an account against an estate, setting out the amounts of shipments of merchandise as of certain dates, and the credits thereon, held sufficiently itemized under Crawford & Moses' Dig., § 100.

2. EXECUTORS AND ADMINISTRATORS—PRESENTATION OF CLAIM.—Mailing a statement to the administratrix of an estate and receipt by her of the same is a sufficient presentation, as required by Crawford & Moses' Dig., § 100.

3. EXECUTORS AND ADMINISTRATORS—SUFFICIENCY OF VERICATION OF CLAIM.—Under Crawford & Moses' Dig., § 103, requiring claims of corporation to be verified by the cashier or treasurer, verification of a claim by the cashier of a corporation is sufficient, though he describes himself in the affidavit as "bookkeeper."

4. EXECUTORS AND ADMINISTRATORS—FORM OF AUTHENTICATION.—Verification of a claim against an estate containing a clause "that the above account is true and just and unpaid after allowing all due credits and set-offs," *held* a substantial compliance with Crawford & Moses' Dig., §§ 101, 104, requiring statement "that he has made diligent inquiry and examination, and he does verily believe that nothing has been paid except the amount credited, and that the sum demanded is justly due."

Appeal from Greene Circuit Court, First Division; *G. E. Keck,* Judge; affirmed.

*Huddleston & Little,* for appellant.

There was no presentation of the demanded to the administratrix for allowance as required by law. C. & M. Digest §§ 108 and 110. The statement of accounts is not itemized as required by § 100 C. & M. Digest. To itemize is to state in items or by particulars. 42 N. E. 600; Words & Phrases Vol. 4, p. 3797; 18 So. 919; 128 Fed. 111. The affidavit appended to the statement is wholly

insufficient.    97 Ark. 548.    §§ 103, 104 C. & M. Digest,
69 Ark. 68; 146 Ark. 321; 105 Ark. 98.    The statement
of account and affidavit were jurisdictional and not sub-
ject to amendment at the time of the trial:    48 Ark.
361; 153 Ark. 77; 65 Ark. 6; 18 Cyc. 485; 13 Ark. 507;
97 Ark. 549; 25 Ark. 326; 21 Ark. 319; 41 Ark. 149; 23
Ark. 644; 31 Ark. 314.

*H. W. Applegate,* for appellee.

Mailing of the anthenticated statement to the admin-
istratrix was a proper presentation to her.    127 Ark. 505;
150 Ark. 577.    It was not necessary for appellee to file
the claim with the clerk of the probate court before
bringing the action.    124 Ark. 473.    In presenting a
claim it need not be in any particular form, but only so
as to give notice of its character and amount to enable the
administrator to provide for the payment.    11 R. C. L. p.
194; 108 Ark. 178; 168 Mo. Ap. 325; 153 S W. 1084.    The
facts in the cases cited by appellant in 95 Ark. 548, 69
Ark. 68, 146 Ark. 321, 105 Ark. 98, are entirely different
from the case at bar and are not applicable.    The affidavit
substantially complied with §§ 101 and 104 of C. & M.
Digest.    134 Ark. 197; 90 Ark. 342.    A substantial com-
pliance is all that is required.    16 Ark. 22; 97 Ark.
296; 105 Ark. 95; 124 Ark. 466; 127 Ark. 404.    See also
33 N. W. 881.

HUMPHREYS, J.    The question involved on this appeal
is whether the statement of account mailed by appellee
to appellant on June 25, 1922, was a sufficient presenta-
tion in law of the statement of an account to an admini-
strator of the estate of a deceased person.    The deceased,
J. A. Smelser, died February 22, 1921.    His widow, the
appellant herein, qualified as administratrix of his estate
a short time after his death, and gave notice to his
creditors to present their claims.    Pursuant to the notice
appellee, a corporation, mailed its claim to appellant in
form and figures as follows:

"Cairo, Ill., June 21, 1921.

"Mrs. Zona Smelser,
"Beech Grove, Ark.

"Dear Madam: As we have not received an acknowledgment of our claim, we are sending herewith statement and affidavit covering our account, to be filed with the probate court.    "Yours truly,
                    "WEBER-WOLTERS DRY GOODS CO.

"Statement.

"Mrs. Zona Smelser, Admx., Estate of J. A. Smelser, Beech Grove, Ark. in account with

Weber-Wolters Dry Goods Company
Importers and Jobbers
Dry Goods and Notions

| Date, 1920 | 715 Ohio St. | | |
|---|---|---|---|
| July 29 Mdse | $700.77 | | |
| Aug. 16 Mdse | 147.37 | | |
| Aug. 30 Mdse | 147.50 | | |
| Oct. 1 C-M | | $ 74.40 | |
| Nov. 4 Ck | | 300.00 | |
| Nov. 22 C-M | | 117.55 | |
| | | $503.69 | |

"State of Illinois, Alexander County.

"H. R. Warden, being first duly sworn, on his oath declares and says that he is a resident of the county and State aforesaid; that he is bookkeeper for the firm of Weber-Wolters Dry Goods Company; that the above account is true and just and unpaid, after allowing all due credits and set-offs.            "H. R. WARDEN.

"Subscribed and sworn to before me this 21st day of June, A. D., 1921.  James B. Wall, notary public.  My commission expires May 1, 1924."  (seal).

Appellant received the statement, but did not formally approve it and file it with the clerk of the probate court, for classification.

Deceased, a retail merchant in his lifetime, purchased merchandise from appellee's predecessor, a wholesale merchant.  When he died his wife took charge

of the store and operated same in the capacity of administratrix. There was quite a little correspondence between appellee and appellant relative to the claim. The substance of this correspondence was to the effect that, while the claim was correct, she could not pay it until she got ready to settle up the estate and until her lawyer advised her to pay the account. The testimony in the case shows that H. R. Warden, who verified the account, was cashier as well as bookkeeper of appellee.

Suit was brought by appellee upon the claim in the circuit court of Greene County, First Division. The sufficiency of the presentation of the account was challenged by appellant.

Upon the hearing of the cause the court ruled that the account was sufficient in form and properly verified, and rendered judgment against appellant, as administratrix of the estate of J. A. Smelser, deceased, in the sum of $589.80, with interest from October 1, 1923, at the rate of 6 per cent. per annum, from which is this appeal.

Appellant first contends for a reversal of the judgment because the account was not itemized. By reference to the items charged in the account it will be seen that said items consist of bills of merchandise of certain amounts, without setting out the particular things embraced in the order. It is a matter of common knowledge that wholesale houses render bills of invoice with each shipment of goods to merchants, and, when rendering statements, they do so by setting forth the different kinds and quantities of goods shipped. These invoices were likely in the possession of appellant, who took possession of the stock of goods and continued to operate the business. The statement of the account embraced the credits as well as the items of the account stated in general terms, and sufficiently complied with the requirement of § 100 of Crawford & Moses' Digest. *Josephs* v. *Briant,* 108 Ark. 171.

Appellant next contends for a reversal of the judgment because the statement was mailed to the administratrix, instead of being personally presented to her. The

mailing and receiving of said statement by appellant constituted a sufficient presentation of the claim to her, within the meaning of the words "by delivering" used in § 100 of Crawford & Moses' Digest. *Keffer* v. *Stuart,* 127 Ark. 498; *Friend* v. *Patterson,* 150 Ark. 577. Appellant admits that she received the statement of the account through the mail.

Appellant next contends for a reversal of the judgment because the statement of the account was made by the bookkeeper of appellee instead of the cashier. Section 103 of Crawford & Moses' Digest requires that the cashier or treasurer of the corporation shall verify the account before same is presented to the administrator for allowance. The testimony shows that the affiant to the account was not only the bookkeeper but also the cashier of appellee. It was proper for the court to treat the affidavit as having been made by the cashier, notwithstanding it was verified by him as bookkeeper. He acted in a dual capacity for the corporation.

Appellant's next and last contention for a reversal of the judgment is because the affidavit does not follow the exact wording of §§ 101 and 104 of Crawford & Moses' Digest. Sections 101 and 104 of Crawford & Moses' Digest are as follows:

Section 101. "And the claimant shall also append to his demand an affidavit of its justice, which may be made by himself, or an agent, attorney, or other person. If made by the claimant, it shall state that nothing has been paid or delivered toward the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due. If made by any other person, it shall state that the affiant is acquainted with the facts sworn to, or that he has made diligent inquiry and examination, and that he verily believes nothing has been paid or delivered toward the satisfaction of the demand, except the amount credited thereon, and that the sum demanded is justly due."

Section 104. "When an affidavit shall be required to be made by an officer of a corporation, executor, adminis-

trator, or assignee, it shall be sufficient to state in such affidavit 'that he has made diligent inquiry and examination, and that he does verily believe that nothing has been paid except the amount credited, and that the sum demanded is justly due'.''

A substantial compliance with the statute is all that is required. *Eddy* v. *Loyd,* 90 Ark. 340; *Keffer* v. *Stuart,* 127 Ark. 498. It was ruled in the case of *Willard* v. *Willard,* 134 Ark. 197, that the statement to the effect that a defendant was a nonresident of the State of Arkansas was sufficient upon which to obtain a warning order under a statute requiring a plaintiff to make an affidavit that ''he had made diligent inquiry, and that it is his information and belief that the defendant is a nonresident of the State.'' We think the positive statement of H. R. Warden, the cashier of appellee, to the effect ''that the above account is true and just and unpaid, after allowing all due credits and set-offs,'' is a substantial compliance with the statute requiring him to state ''that he has made diligent inquiry and examination, and he does verily believe that nothing has been paid except the amount credited, and that the sum demanded is justly due.''

No error appearing, the judgment is affirmed.

HUMPHREYS, J., (on rehearing). On motion for rehearing our attention has again been called to a number of cases holding that the affidavit of authentication to a claim against an estate is a prerequisite to an allowance thereof, and that it must conform to § 103 of Crawford & Moses' Digest in substance. *Ross* v. *Hine,* 48 Ark. 305, and *Carl Lee* v. *Griffith,* 153 Ark. 77 are among the cases cited. We have examined the cases, and none of them reaches to the point involved in the instant case. In the instant case the affidavit was made by the right party in fact, the cashier, but he was designated as the bookkeeper. It would be exceedingly technical to hold that an incorrect designation of one who was entitled to make an affidavit would nullify the affidavit. The right party made the affidavit but made

an erroneous title. We think under these circumstances the affidavit substantially complied with the requirements of the statute and was sufficient.

The motion for rehearing is therefore overruled.