MILLER v. FEARIS.

Opinion delivered November 30, 1931.

*Coulter & Coulter,* for appellant.

*Ragsdale & Matheney,* for appellee.

BUTLER, J. The appeal in this case questions the sufficiency of the appeal from the probate court on the ground that it was not perfected within the time required by law. The appeal was granted by order of the probate court on March 2, 1927, and the transcript lodged with the clerk of the circuit court on January 30, 1928.

The appellant invokes § 2262 of Crawford & Moses' Digest in support of his contention, and argues that § 6525 of the Digest, regulating appeals from the justice court, is in the identical language of this section, and that it (§ 6525) has been construed by a number of our decisions to support the contention made that the appeal here was not perfected within the time prescribed by law. The two sections are in fact identical and read as follows: "All appeals allowed ten days before the first day of the term of the circuit court next after the appeal

allowed shall be determined at such term unless continued for cause.'' In construing that section regulating appeals from the justice court, this court has held in a number of decisions, beginning with the case of *Smith* v. *Allen*, 31 Ark. 268, cited by appellant here, that it is the duty of one appealing from the justice court to see that the transcript is lodged by the justice within the time prescribed by § 6225, and a failure to do this is ground for the court, acting within its discretion, to dismiss the appeal for failure to prosecute with due diligence. The failure to have the transcript filed, however, does not give the other party to the suit absolute right to have the case dismissed, but the court should hear the party in default to the end that he may excuse his delay if possible. *Hart* v. *Lequieu*, 110 Ark. 284, 161 S. W. 201.

The state of the record in this case does not disclose any facts from which it can be said that the refusal of the court to dismiss the appeal was an abuse of this discretion, and, inasmuch as the appeal was taken within twelve months from the judgment of the probate court, it was taken within time. Section 2258, Crawford & Moses' Digest.

This case arose upon the filing of a note of the appellant's intestate in the probate court, it having been first presented to the administratrix (appellant) and disallowed by her. The probate court disallowed the claim, and on appeal to the circuit court, after having moved to dismiss the appeal for the reasons heretofore given, moved to dismiss the case on the ground that the claim was not authenticated as required by law. This motion was overruled, and the cause proceeded to trial before a jury, and judgment was rendered in favor of the claimant on the instruction of the court. The refusal of the court to nonsuit the claim because of the insufficiency of the affidavit is the principal assignment of error and the one that has given us most concern. After a careful examination of all of the authorities cited by the appellant, we have concluded that the affidavit was a substantial compliance with the statute, and that the court did not err in its refusal to nonsuit the claim. The affidavit filed with the claim is as follows:

"I, M. P. Matheney, as attorney for the Fearis Separator Company, do solemnly swear that the above and foregoing demand against the estate of W. H. Murray, deceased, is just and correct, and that nothing has been paid or delivered toward the satisfaction of said demand, except what is credited thereon; that the sum of one thousand ($1,000) dollars, with interest from 12/13/1925 is justly due. M. P. Matheney, attorney for J. J. Fearis and Fearis Separator Company. Subscribed and sworn to before me this 27th day of February, A. D. 1926. J. G. Ragsdale, Notary Public."

The statute directing the manner in which claims may be authenticated is found in § 101, Crawford & Moses' Digest, and reads as follows: "And the claimant shall also append to his demand an affidavit of its justice, which may be made by himself, or an agent, attorney or other person. If made by the claimant, it shall state that nothing has been paid or delivered toward the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due. If made by any other person, it shall state that the affiant is acquainted with the facts sworn to, or that he had made diligent inquiry and examination, and that he verily believes nothing has been paid or delivered toward the satisfaction of the demand, except the amount credited thereon, and that the sum demanded is justly due."

This court has held on numerous occasions that the making of an affidavit is a jurisdictional requirement, but that it need not be in the exact language of the statute, but will be sufficient if there is a substantial compliance with the statutory requirement. *Ross* v. *Hine,* 48 Ark. 304, 3 S. W. 190; *Eddy* v. *Loyd,* 90 Ark. 340, 119 S. W. 264; *Wilkerson* v. *Eads,* 97 Ark. 296, 133 S. W. 1039. It will be observed that the affidavit was not made by the claimant in person, but by his attorney, and it is insisted that the affidavit is insufficient because is does not state that the affiant "is acquainted with the facts sworn to or that he has made diligent inquiry and examination, and

that he verily believes that nothing has been paid or delivered toward the satisfaction of demand except the amount credited thereon.'' This omission is the identical language of that part of § 101, *supra,* prescribing upon what terms a person other than the claimant may make the affidavit. Among the cases cited by the appellant, and the one which most nearly supports his contention, is that of *Lanigan* v. *North,* 69 Ark. 62, 63 S. W. 62. In the opinion in that case the affidavit is not set out, the court contenting itself with the following statement: ''The affidavit attached to the claim of the Union Lime Company, a partnership, was made by F. O. Wyman, who does not show that he was a member of the firm or that he was acquainted with the facts sworn to.'' It cannot be determined from the opinion whether or not the affidavit contained the positive statement ''that nothing has been paid or delivered toward the satisfaction of the demand except what is credited thereon, and that the sum demanded is justly due.'' The statute providing for the affidavit contemplated that it would not always be convenient or possible for the affidavit to be made by the claimant himself, and that as another might not certainly know the facts, provision was made that, where he made diligent inquiry, he might state that he verily believed nothing had been paid except what appeared credited thereon, and that the sum demanded was justly due. When one has certain knowledge, then it is unnecessary to make the allegation of diligent inquiry and of belief; ''but if the affiant possesses positive, definite and certain information of the truth of the matter alleged, it would be a work of supererrogation to require him to make inquiry about a fact already known, and we think the act set out above was not intended to deprive the affiant of the right to make an affidavit, the truth of which rests upon his own knowledge.'' *Willard* v. *Willard,* 134 Ark. 197, quoting from page 201, 203 S. W. 1019, 1020.

In the affidavit before us, knowledge of the facts is stated in unequivocal and positive terms as a truth which appellant knew, and not something which he believed to be true. In the case of *Breckenridge* v. *Weber Dry*

*Goods Co.,* 167 Ark. 429, 268 S. W. 593, the court had before it a claim to which the following affidavit was attached: "H. R. Warden, being first duly sworn, on oath declares and says that he is a resident of the county and State aforesaid; that he is bookkeeper for the firm of Weber-Walters Dry Goods Company; that the above account is true and just and unpaid, after allowing all due credits and set-offs." In that case appellant contended among other things that the affidavit was not a sufficient compliance with § 101, *supra.* In passing upon that question the court said: "We think the positive statement of H. R. Warden, the cashier of appellee, to the effect 'that the above account is true and just and unpaid, after allowing all due credits and set-offs', is a substantial compliance with the statute requiring him to state that he has made diligent inquiry and examination and he does verily believe that nothing has been paid except the amount credited and that the sum demanded is justly due."

It seems that there was no defense offered by the administratrix to the claim on its merit, but that she contented herself with a bare technical defense which courts are not inclined to favor and which are not allowed except in such cases as from which there is no escape. The affidavit in this case, while not a literal copy of the language of the statute, is a substantial compliance with its terms. The judgment of the trial court is therefore correct, and it is affirmed.